**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| In re: | ) | Jointly Administered |
| | ) | |
| SCOTIA DEVELOPMENT LLC, *et al.*,[1] | ) | Case No. 07-20027-C-11 |
| | ) | |
| Debtors. | ) | Chapter 11 |

**MOTION OF THE OFFICIAL UNSECURED CREDITORS'
COMMITTEE TO TRANSFER VENUE OF THE DEBTORS'
BANKRUPTCY CASES TO THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

**A PRE-TRIAL HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 15, 2007 AT 11:00 A.M. BEFORE THE HONORABLE RICHARD S. SCHMIDT, 515 RUSK AVENUE, 4th FLOOR, HOUSTON, TEXAS.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

TO THE HONORABLE RICHARD S. SCHMIDT, U.S. BANKRUPTCY JUDGE:

The Official Unsecured Creditors' Committee (the "Committee") in the above-captioned

cases filed by Scotia Development LLC ("Scotia Development"); The Pacific Lumber Company

("Palco"); Britt Lumber Co., Inc. ("Britt"); Salmon Creek LLC ("Salmon Creek"); Scotia Inn

Inc. ("Scotia Inn"); and Scotia Pacific Company LLC ("Scopac" and collectively with the other

debtors in possession herein, the "Debtors") hereby moves for an order transferring venue of

---

[1] The Debtors are the following entities: Scotia Development LLC; The Pacific Lumber Company; Britt Lumber Co., Inc.; Salmon Creek LLC; Scotia Inn Inc.; and Scotia Pacific Company LLC..

these bankruptcy cases to the United States Bankruptcy Court for the Northern District of California, Oakland Division (the "California Bankruptcy Court").  In support of this motion, the Committee respectfully states as follows:

**Preliminary Statement**

1.      The Debtors' bankruptcy cases belong in California (not in Texas) for one overarching and compelling reason:  *just about everything associated with these companies is located in California.*[2]

2.      The Debtors' land, timber, sawmills, operational offices, equipment, books and records, and employees are all located in California.  Moreover, the vast majority of the Debtors' creditors and vendors are located in California.  The Debtors also have a history in California that spans over 130 years.

3.      By contrast, the Debtors' ties to Texas are entirely a product of their desire to bring these bankruptcy cases before this Court.  This case is unlike just about any other where a transfer of venue has been sought.  The facts that the Committee has been able to uncover to date reflect a pattern of conduct by the Debtors to systematically manufacture venue in this District by creating a wholly new company (Scotia Development) and giving it the appearance of legitimacy.  On closer inspection, however, it is clear that Scotia Development is simply a "sham" and, as a result, the Debtors have no basis for sustaining venue in this Court.

---

[2]  All factual allegations contained herein are either based on the Debtors' public filings and disclosures or on the Committee's information and belief.  The Committee looks forward to working with the Debtors prior to any hearing on this motion to take the necessary discovery and/or agree on the uncontested facts.

4.      Indeed, there is no business justification for Scotia Development's existence.  While the principal operating Debtors are facing a liquidity crisis that has forced them in recent years to embark on an effort to dispose of California properties in order to raise cash, newly-formed Scotia Development (the Debtors' only tie to Texas) apparently has purchased two options (both dated January 18, 2007) to purchase vacant lands in or around Corpus Christi.  It will be up to Debtors' management to try to explain why a cash-strapped California timber company would suddenly decide to speculate on Texas real estate.  But the mystery does not end there.  Texas-based Scotia Development's top 20 creditors' list includes just two names -- a landlord who was paid its January rent pre-petition (and therefore does not belong on the list) and a California-based creditor that appears to have no relationship whatsoever with Scotia Development.

5.      The questions surrounding Scotia Development deepen when one learns that it has no known day-to-day operations, material liabilities,[3] or legitimate assets, except for options of questionable value to acquire two parcels of vacant real property.  Scotia Development does not even appear to be insolvent.  And all of this could be chalked up to coincidence if not for the fact that the landlord (which also appears to be affiliated with the grantor of one of the options) and the grantor of the other option are both, either directly or through their affiliates, current or former clients of the Debtors' Corpus Christi bankruptcy lawyers.

●   _____

[3]  Contrary to the Debtors' assertions, it does not appear that Scotia Development guaranteed Palco's secured debt.

6. Then there are questions of timing. The employment application of Jordan, Hyden, Womble, Culbreth & Holzer, P.C. (the "Jordan Hyden Firm"), as later supplemented, makes clear that the California-based Debtors hired their Corpus Christi-based bankruptcy attorneys before Scotia Development was even incorporated. Hence, it appears that the Debtors picked venue and counsel, and then set about establishing a factual pretext for that venue.

7. Clearly, the Debtors do not belong in this Court. In fact, they have engaged in perhaps the most blatant example of forum shopping in recent memory. They fabricated venue by creating Scotia Development about six months ago (not coincidentally, the last time prior to the bankruptcy that an interest payment was due to Scopac's noteholders and right after Debtors' Texas attorneys were retained) and renting some office space in Corpus Christi on a month-to-month basis at the rate of $500 per month. The Debtors could have just as easily picked Alaska, Maine, or any other remote location for the purpose of incorporating Scotia Development and creating a potential venue. For one reason or another, the Debtors chose south Texas. Apparently, they did so because it was convenient for them (or perhaps the Debtors' ultimate equity holder), but certainly not because it was in the best interests of creditors.

8. Accordingly, the Committee submits that there is no legitimate basis for these cases to remain here. The California Bankruptcy Court is clearly the appropriate forum, given that the Debtors are California-based companies with overwhelming contacts in that state.

4

## Jurisdiction

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

10.      The statutory predicates for the relief requested herein are 28 U.S.C. § 1408 and 1412 and Rule 1014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relevant Facts

A.      **The Debtors' Bankruptcy Cases**

11.      On January 18, 2007, (the "Petition Date"), the Debtors commenced the instant cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

12.      The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

13.      On January 25, 2007, the United States Trustee appointed the Committee in the Debtors' bankruptcy cases.

14.      Since the Petition Date roughly three weeks ago, there have been no major steps taken by the Debtors (or the Court) in these bankruptcy cases.  The Debtors have merely filed various customary "first day" papers, including cash collateral motions, and the Court has issued rulings thereon.  The Debtors have not yet proposed a plan.

B.        **Basis for Venue in Texas**

        15.     As mentioned above, the basis for venue is both recent and paper thin. The Debtors filed here because Scotia Development (a wholly-owned subsidiary of Palco formed on June 5, 2006) is incorporated in Texas and has an office in Corpus Christi.

        16.     The level of manipulation that went into the creation of Scotia Development cannot be overstated.  Based on the Debtors' own filings in this case, it is clear that Scotia Development is nothing more than a shell created (on what appears to be advice and assistance of Texas bankruptcy counsel) for the sole purpose of fabricating a pretext for venue. The Debtors (and their attorneys) went to great lengths to make it appear that Scotia Development is a viable entity.  The reality, however, is that the Debtors created Scotia Development because they wanted to file a bankruptcy case here and nothing more.  This is made evident by the facts that the Committee has been able to uncover to date, as outlined below:

        17.     The Debtors first contacted the Jordan Hyden Firm in May 2006.  *See Debtors' Application for Approval of Retention of Jordan, Hyden, Womble, Culbreth & Holzer, P.C., As Their Attorneys at ¶ 7 (Docket No. 18)*.  Scotia Development was incorporated only a few weeks later, on June 5, 2006.

        18.     The Jordan Hyden Firm introduced Scotia Development to Leon Loeb, the principal of Landlord Resources, LLC ("Landlord Resources").  *See Amended Affidavit of Nathaniel Peter Holzer Regarding Representation of PALCO and Certain Subsidiaries by Jordan, Hyden, Womble, Culbreth & Holzer, P.C. at ¶ 8 (Docket No. 167)*.  Landlord Resources

6

leases a 300 square foot office space in Corpus Christi to Scotia Development on a month-to-month basis.  The monthly rent for this office is $500.  The Jordan Hyden Firm represented Scotia Development in connection with this lease transaction.  *Id*.  The Jordan Hyden Firm previously represented Landlord Resources and Mr. Loeb in other matters.  *Id*.

19.     Scotia Development has only two known assets:  (1) an option to purchase 68,750 square feet of vacant land in Corpus Christi from CC Tower Center LTD (which appears to be affiliated with Mr. Loeb and Landlord Resources); and (2) an option to purchase 24.67 acres of vacant land in Portland, Texas from North Shore Properties II, LLC ("North Shore").  The option with CC Tower Center LTD appears to have been originally purchased for the sum of $500 in July 2006 with a term six months, but was extended (in consideration of an additional $5,000 payment) for another six months following January 18, 2007 (i.e., the Petition Date).  The option with North Shore is dated as of the Petition Date and also has a term of six months.  This option cost $5,000.

20.     North Shore (like Landlord Resources) is a friend of the Jordan Hyden Firm.  It was the Jordan Hyden Firm which introduced Scotia Development to William C. Cocke, an insider of North Shore.  *Id*.  The Jordan Hyden Firm also represented Scotia Development in connection with its agreement to purchase the above-referenced option on real property from North Shore.  *Id*.  The Jordan Hyden Firm also continues to represent Mr. Cocke in litigation in other matters.  *Id*.

21.     Taken together, these facts clearly demonstrate that Scotia Development is not a legitimate entity for purposes of establishing venue in this Court.  The Debtors hired Texas

counsel for "one-stop" bankruptcy forum shopping.  They then formed Scotia Development.  In order to make it seem like Scotia Development actually does something, the Debtors' Texas counsel turned to its current or former clients to lease some office space and sell two options to Scotia Development, both for *de minimis* amounts.

22.     The Debtors describe Scotia Development in their "first day" papers as an entity that was "created in 2006 for the purpose of exploring and facilitating development opportunities with respect to commercial, industrial and residential properties, including raw land, in California and Texas." <u>*See, e.g.*</u>*, Debtors Motion for Order Directing Procedural Joint Administration of Affiliated Debtors Pursuant to Federal Rule of Bankruptcy Procedure 1015 at ¶ 9 (Docket No. 4)*.  The facts, however, demonstrate that Scotia Development is merely a vehicle for establishing venue.

23.     Scotia Development's website (www.scotiadevelopment.com) explains that the company was created "to assist Pacific Lumber and its subsidiaries in the marketing of non-strategic properties they own in the vicinity of Scotia, CA[;] to potentially develop property in and around Scotia, CA[; and] to look for development opportunities elsewhere."  There is no mention of any assets or activities in Texas in this description, but more importantly, this is clearly not what Scotia Development was really created to do.

24.     Indeed, as outlined above, it appears that Scotia Development was created solely for the purpose of establishing venue in this Court.  Scotia Development has no operations and one officer whose efforts for the company will soon be the subject of deposition testimony. It has an office in Corpus Christi and apparently little else.  If the company is to be taken at its

word, Scotia Development has only two prepetition unsecured creditors with a total of $10,500

in claims in the aggregate.  One of these creditors is Landlord Resources (Scotia Development's

landlord in Corpus Christi), which is not even owed the $500 described on the schedules because

the January rent was paid prepetition.  The other creditor is located in California.  Whether this

creditor ever did business with Scotia Development is another question to be answered in

discovery.

      25.     Contrary to the Debtors' assertions, it also appears that Scotia

Development is not a guarantor of Palco's secured debt.

      26.     Scotia Development has only one known bank account, an operating

account at American Bank.  _See Palco and Certain Subsidiaries' Emergency Motion for Order_

_Authorizing Continued Use of (1) Certain Bank Accounts; (2) Cash Management Systems; and_

_(3) Investment Policy at p. 6 (Docket No. 37)._  As characterized by the Debtors themselves,

"[t]here has been very little activity in this account."  _Id._

      27.     To date, the Debtors' cash collateral budgets in these cases also do not

reference any cash payments to or from Scotia Development.  _See Scopac's Emergency Motion_

_for Interim and Final Orders Authorizing the Debtor's Use of Cash Collateral (Docket No. 17)._

      28.     Except for Scotia Development, none of the other Debtors appear to have

any relationship to Texas whatsoever.  They sell timber and timber products from northern

California.

9

29.     *In short, the Debtors simply have no material assets or liabilities in Texas*. Hence, there is nothing of consequence for this Court to administer either in this District or in this state.[4]

## C.     The Debtors' Connections to California

30.     In stark contrast to the Debtors' tenuous ties to Texas, the Debtors' connections to California are overwhelming.  The Debtors have operated there for over 130 years.  They own more than 210,000 acres of land there.  They own 3 sawmills there.  They have their principal offices there.  They have equipment and other personal property there worth tens of millions of dollars.  They own a hotel.  They even own the town of Scotia, California.  *The Debtors are more than just a California-based company -- they are a California institution*.

31.     In addition, nearly all (if not all) of the Debtors' nearly 600 employees (including executive management) are located in California.  Most of the Committee's unsecured creditor constituency is likewise California-based.  From the meager information on file to date, it is obvious that the Debtors generally buy from vendors located in or near California.  For instance, seventeen out of the twenty creditors listed on Palco's top 20 list filed in these cases are located in California.  Two more are located in Nevada and Oregon and the last one is represented by California counsel.  *See Palco's List of Creditors Holding 20 Largest Unsecured Claims (Docket No. 2, Case No. 07-20028)*.  None of Palco's top 20 creditors are located in Texas.  Similarly, Scopac's top 20 list includes thirteen California creditors and no Texas

•  ————————————————

[4]   The Committee is aware that the Debtors' ultimate equity holder MAXXAM Inc. is located in Texas, but that is not a relevant consideration until it is proven that the Debtors are solvent.

creditors.  *See Scopac's List of Creditors Holding 20 Largest Unsecured Claims (Docket No. 2, Case No. 07-20032).*

32.     The recently-filed creditor matrices in the Debtors' cases (excluding Scopac) list approximately 2,800 creditors.  Out of these creditors, over 2,100 (or 75%) are located in California, while less than 60 (or 2%) reside in Texas.  *See Scopac's Notice of Filing Amended List of Creditors at Exhibit A (Docket No. 210).*

33.     The creditor matrices in the Scopac case list nearly 750 creditors.  Out of these creditors, approximately 500 (or 68%) are located in California, while less than 20 (or 2%) reside in Texas.  *See Scopac's Notice of Filing Amended List of Creditors at Exhibit A (Docket No. 211)*

34.     The Debtors also have significant litigation pending in California against the State of California, and are subject to various regulatory restrictions in that state.

35.     Hence, just about all of the Debtors' material assets and most of their unsecured creditors are located in California.  Although the Committee anticipates that the Debtors' secured lenders and bondholders may be more geographically diverse, it seems unlikely that many of them have relevant connections to Texas.

D.      **Prejudice to Unsecured Creditors**

36.     Many of the Debtors' unsecured creditors are small "mom and pop" operations.  Most of the Debtors' labor force (current and former) are tradespersons.  These people cannot be reasonably expected travel to Corpus Christi to participate in the bankruptcy

proceedings.  They certainly cannot afford to hire two sets of counsel.  As a result, unsecured creditors will be prejudiced if these cases remain in Texas.

37.     Moreover, administering these cases in this Court will be a costly exercise for the estates.  All of the Debtors' fact witnesses are located in California.  Most of the Debtors' principal attorneys are also based in California.  (The Committee's attorneys and financial advisors are located in California.)  Yet, the Debtors have been required to retain two sets of Texas counsel in order to appear in these cases (and two additional sets of local attorneys have been hired by the Debtors' noteholders and secured lenders).  The costs associated with transporting all these professionals and various witnesses to and from Court is an unnecessary expense that could be avoided if these cases were transferred to the California Bankruptcy Court.

38.     Finally, the level of interest in these cases is high.  Just by reference to the hearings that have occurred to date, there have been literally dozens of parties in interest on the phone.  The Debtors generate a lot of attention because, as noted above, they are a significant part of the economy and the community in parts of northern California.  Ultimately, there is no reason why issues of critical importance to creditors in California should be decided in Corpus Christi.

## **Request for Relief**

39.     By this motion, the Committee seeks an order transferring the Debtors' bankruptcy cases to the California Bankruptcy Court.

### Arguments & Authorities

40.     Section 1408 of title 28 of the United States Code is the applicable venue

statute for bankruptcy cases.  This provision states, in relevant part, as follows:

> "[A] case under title 11 may be commenced in the district court for
> the district –
>
> (1)  in which the domicile, residence, principal place of business in
> the United States, or principal assets in the United States, of the
> person or entity that is the subject of such case have been located
> for the one hundred eighty days immediately preceding such
> commencement . . . ; or
>
> (2)  in which there is pending a case under title 11 concerning such
> person's affiliate, general partner or partnership.

28 U.S.C. § 1408.

41.     Section 1412 of title 28 of the United States Code provides as follows:

> A district court may transfer a case or proceeding under title 11 to
> a district court for another district, in the interest of justice or for
> the convenience of the parties.

28 U.S.C. § 1412.

42.     Rule 1014 of the Federal Rules of Bankruptcy Procedure permits the court

to either dismiss or transfer a case filed in an improper district, or to transfer a case filed in a

proper district, "if the court determines that the transfer is in the interest of justice or for the

convenience of the parties."  FED. R. BANKR. P. 1014.

**A.     The Debtors' Filing in This District Constitutes Bad Faith and
Therefore Fails to Satisfy the Requisites for Venue Under 28 U.S.C. § 1408**

43.     The Committee submits that this case was filed in an improper district for

purposes of 28 U.S.C. § 1408 because the Debtors filed for bankruptcy here as a result of an

*intentional manipulation of the bankruptcy laws*.  This constitutes bad faith and grounds for

dismissal or transfer of the case under Bankruptcy Rule 1014.

68762-001\DOCS_SF:53380.3

44.     As stated by the Fifth Circuit:

> Lack of good faith in the filing of a chapter 11 bankruptcy petition constitutes cause for dismissal under 11 U.S.C. § 1112(b).  The good faith standard protects the integrity of the bankruptcy courts and prohibits a debtor's misuse of the process where the overriding motive is to delay creditors without any possible benefit, or to achieve a reprehensible purpose through manipulation of the bankruptcy laws.  The good faith determination depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities.  A collation of factors, rather than any single datum, controls resolution of this issue.  In determining whether a petition was filed with the requisite good faith, the court must examine the facts and circumstances germane to each particular case.

In the Matter of Elmwood Dev. Co., 964 F.2d 508, 510 (5th Cir. 1992) (citations omitted).

45.     Here, the reality is that the Debtors have fabricated venue in this District and thereby attempted to manipulate the bankruptcy laws to achieve their political goal of staying out of California, despite the fact that the Debtors' business operations, assets, and creditors are principally located there.

46.     The Debtors have no apparent legitimate business purpose for creating Scotia Development.  It is not doing what its web site describes.  What it is doing (speculating on marginal real estate in Texas) makes absolutely no economic sense.  Indeed, the company has no real operations, day-to-day employees, material assets, or liabilities.  It is a "sham" entity created with the assistance of the Jordan Hyden Firm for the sole purpose of having a basis to file a bankruptcy case here.  (It is not even clear that Scotia Development is insolvent).

47.     Moreover, the Debtors (as a whole) have absolutely no material connection to Texas.  The Debtors have no assets here and no active employees or operations.  Their creditors are also located elsewhere.  The Debtors are clearly California-based and California-focused companies.

14

48.     Hence, even assuming that the Debtors could technically meet the requirements of 28 U.S.C. § 1408 by having an affiliate (i.e., Scotia Development) with a principal place of business in Corpus Christi,[5] there is absolutely no legitimate basis to sustain venue in this Court.  See Phoenix Piccadilly, Ltd. v. Life Ins. Co. of Virginia (In re Phoenix Piccadilly, Ltd)., 849 F.2d 1393, 1395 (11th Cir. 1988) ("Although perhaps technically proper, the choice to file the petition so far from where the property and creditors are located may itself be evidence of bad faith."); In re Yukos Oil Co., 321 B.R. 396, 411 (Feb. 24, 2005) (Clark, J.) (dismissing case because, among other reasons, "[t]he funds which created jurisdiction in this court were transferred to banks in the United States less than one week prior to the filing of the petition, and were transferred for the primary purpose of attempting to create jurisdiction in the United States Bankruptcy Court.").  Indeed, permitting the Debtors' cases to remain in this Court would be tantamount to giving a "blank check" to any potential debtor to create venue in any district in the United States by simply forming an affiliate in that district just prior to filing a bankruptcy case there.

49.     The Debtors essentially have done just that.  They have blatantly engaged in forum shopping.  They have filed here because they wanted to gain some advantage over creditors.  As a result, the only conclusion that can be drawn from these facts is that the Debtors filed these cases in this Court in bad faith and therefore have failed to properly establish venue in

●    _____

[5]   This is an entirely open question.  The mere fact that Scotia Development rented some office space in Corpus Christi does not necessarily mean that its "principal place of business" is in this District.  In determining whether a location constitutes the principal place of business of a debtor, courts look at the following relevant factors:  (1) the location of primary decision-making; (2) the location of company books, records, accounting and other management information;  (3) the location of day-to-day activities; and (4) the location of personnel, equipment and assets.  In re Condor Exploration, LLC, 294 B.R. 370, 374 (Bankr. D. Colo. 2003).

this District under 28 U.S.C. § 1408.  On this basis alone, the Committee urges this Court to transfer venue to the California Bankruptcy Court.

**B.      The Debtors' Cases Should Be Transferred to the California Bankruptcy Court in the Interest of Justice or for the Convenience of the Parties**

50.      Regardless of whether venue is proper in this District, the Court is more than justified in transferring these cases to the California Bankruptcy Court, pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 1014, in the interest of justice <u>or</u> for the convenience of the parties.

51.      In this context in particular, the position of the Committee, while not dispositive, is something that is relevant and should be considered by the Court.  <u>See</u> <u>In re Enron Corp.</u>, 274 B.R. 327, 345 (Bankr. S.D.N.Y. 2002).

52.      The Fifth Circuit has adopted the following principal factors for a court to consider in determining whether to transfer venue:

(1)  the proximity of creditors of every kind to the court;

(2)  the proximity of the debtor to the court;

(3)  the proximity of the witnesses necessary to the administration of the estate;

(4)  the location of the assets; and

(5)  the efficient and economic administration of the estate.

<u>Commonwealth of Puerto Rim v. Commonwealth Oil Refining Co., Inc. (In the Matter of Commonwealth Oil Refining Co., Inc.)</u>, 596 F.2d 1239, 1247 (5th Cir. 1979) (referring to "interest of justice" and "convenience of the parties" test when considering motion to transfer venue under Bankruptcy Act), <u>cert. denied</u>, 444 U.S. 1045 (1980).

53.     Applying these or similar factors, courts have routinely transferred cases that had only limited connections with the forum chosen by the debtor.  See, e.g., In re B.L. of Miami. Inc., 294 B.R. 325 (Bankr. D. Nev. 2003) (transferring chapter 11 case from Nevada to Florida on the basis that debtor's principal place of business, major asset, and principals and employees and significant majority of creditors were located in Florida); In re Newport Creamery Inc., 265 B.R. 614 (Bankr. M.D. Fla. 2001) (transferring venue from Florida to Rhode Island because the debtor's real estate, headquarters, leased premises, and many creditors were in or near Rhode Island.

54.     Here, there can be no question that venue should be transferred to the California Bankruptcy Court because the Debtors simply have no material, legitimate ties to Texas.

### i.     Proximity of Creditors to the Court

55.     The Committee is not aware of any creditors located in Texas that hold material claims against the Debtors.  There are none listed on the top 20 lists currently on file with the Court (other than Landlord Resources, which is listed at $500, but is not even owed this amounts.  As reflected in the various filings made by the Debtors in these cases, the vast majority of the unsecured creditor pool is located in California.

56.     Hence, this factor strongly weighs in favor of transferring venue to the California Bankruptcy Court.

### ii.    Proximity of the Debtor to the Court

57.    Even the Debtors themselves are not located anywhere near the Court. The Debtors' employees are in California.  Most of their principal attorneys are in California. The Debtors' business operations are conducted in California and their books and records are located there.

58.    Perhaps most importantly, the Debtors have no legitimate presence in the State of Texas.  They do not operate here and have no connection to the state whatsoever, except by virtue of Scotia Development.

59.    Hence, this factor also weighs strongly in favor of transferring venue to the California Bankruptcy Court.

### iii.    Proximity of Witnesses to the Court

60.    This factor is concerned with "the corporation's employees who must appear in court, not with the employees who are on the production line." Commonwealth Oil, 596 F.2d at 1248.

61.    Most (if not all) of the Debtors' fact witnesses (including all management level employees) are located in California.  The Debtors also do not appear to have any active employees in Texas.  The Debtors' witnesses will have to travel nearly 2,000 miles to get to this Court.

62.    Hence, this factor also weighs strongly in favor of transferring venue to the California Bankruptcy Court.

18

### iv.     Location of the Debtor's Assets

63.     When the assets at issue concern real property, additional emphasis is placed on this factor.  In re Pope Vineyards, 90 B.R. 252, 258 (Bankr. S.D. Tex. 1988) (Leal, J.) ("The location of the bulk of the assets must weigh heavily as a factor because the business of this debtor relies upon its realty.").

64.     In Pope Vineyards, the court transferred a bankruptcy case from Houston to the Northern District of California largely on the basis that the debtor's principal asset -- a 4,600 acre vineyard -- was located in California, despite the fact that the company's president resided in Houston.  Id. ("This business relies upon and emanates from the land in California.").

65.     Here, the grounds for transferring venue are even more compelling.  Not only do the Debtors' principal assets consist of over 210,000 acres of timberlands located in California, but the Debtors' remaining material assets are located there as well.  They really have no significant assets anywhere else and certainly none in Texas.

66.     Hence, this factor also weighs strongly in favor of transferring venue to the California Bankruptcy Court.

### v.     Efficient and Economic Administration of the Estate

67.     This is the most important factor to consider in terms of transferring venue.  See Commonwealth Oil, 596 F.2d at 1247.  In Commonwealth Oil, the Fifth Circuit found that the heart of the reorganization proceeding is formulating a financial plan of arrangement acceptable to all relevant parties.  Id. at 1247.   The court was asked to weigh the fact that operations and substantial assets of the Debtor were located in Puerto Rico against the

fact that the financial management was in San Antonio.  Id. at 1246-47.  In the context of a

reorganization, the court found in favor of retaining venue in San Antonio because the debtor's

problems were financial and those who could solve these issues were in San Antonio.  Id. at

1247.

        68.    Here, the question of venue is not even a close call because the Debtors'

simply do not have a material presence in Texas, whether for purposes of this reorganization or

otherwise.  In fact, it is difficult to imagine a stronger case in support of transferring venue.

Given that the overwhelming majority of the Debtors' creditors, assets, and representatives are

located in California (and nothing of consequence is located here, except for the Debtors' local

counsel), there can be no serious doubt that these estates will be more efficiently and

economically administered in the California Bankruptcy Court.  Creditors and parties in interest

should not be forced to travel nearly 2,000 miles to Texas and to retain Texas counsel for the

privilege of participating in these bankruptcy cases.

        69.    Accordingly, because all of the factors outlined by the Fifth Circuit

heavily weigh in favor of transferring venue, the Committee requests that this Court immediately

transfer these cases to the California Bankruptcy Court.

        WHEREFORE, the Committee respectfully requests that this Court enter an order

transferring these cases to the California Bankruptcy Court, and granting the Committee such

other and further relief as this Court deems appropriate.

Dated:    February 8, 2007          PACHULSKI STANG ZIEHL YOUNG JONES
                                            & WEINTRAUB LLP


                               By    */s/ Maxim B. Litvak*
                                     John D. Fiero (*admitted pro hac vice*)
                                     Maxim B. Litvak (TX Bar No. 24002482)
                                     150 California Street, 15th Floor
                                     San Francisco, California  94111-4500
                                     Telephone: 415/263-7000
                                     Facsimile:  415/263-7010
                                     E-mail:  jfiero@pszyjw.com
                                                mlitvak@pszyjw.com

                                     [Proposed] Counsel for the
                                     Official Unsecured Creditors' Committee

68762-001\DOCS_SF:53380.3

## PROOF OF SERVICE

STATE OF CALIFORNIA     )
                                )
CITY OF SAN FRANCISCO   )

     I, Hung Phan, am employed in the city and county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 150 California Street, 15th Floor, San Francisco, CA 94111-4500.

     On February 8, 2007, I caused to be served the

**MOTION OF THE OFFICIAL UNSECURED CREDITORS' COMMITTEE TO TRANSFER VENUE OF THE DEBTORS' BANKRUPTCY CASES TO THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

     in this action by placing a true and correct copy of said document in sealed envelopes addressed as follows:

*Please see attached Service List*

☑ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY FAX) I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown. The transmission was reported as complete and without error. (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

☑ (BY EMAIL) I caused to be transmitted the above-described document by electronic mail to the email address(es) as shown.

☑ (BY OVERNIGHT DELIVERY) By sending by <u>DHL</u> to the addressee(s) as indicated on the attached list.

     I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 8, 2007, at San Francisco, California.

                                */s/ Hung Phan*

                               Hung Phan, Legal Assistant

1

| Debtor: Scotia Pacific LLC aka SCOPAC | | |
|---|---|---|
| **Debtor**<br>Gary L. Clark<br>Scotia Pacific LLC<br>125 Main Street<br>Scotia, CA 95565-0000 | **VIA EMAIL AND OVERNIGHT**<br>**Attorneys for Debtor Scotia**<br>**Pacific LLC**<br>John F. Higgins<br>James Matthew Vaughn<br>Porter & Hedges, L.L.P.<br>1000 Main Street, 36th Floor<br>Houston, TX 77002 | **VIA EMAIL AND OVERNIGHT**<br>**Attorneys for Debtor Scotia Pacific**<br>**LLC**<br>Kathryn Coleman<br>Gibson Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, NY 10166-0193 |
| **VIA EMAIL AND OVERNIGHT**<br>**Attorneys for Debtor Scotia Pacific**<br>**LLC**<br>Eric J. Fromme<br>Gibson Dunn & Crutcher LLP<br>Jamboree Center<br>4 Park Plaza, Suite 1400<br>Irvine, CA 92614 | | |
| **SCOPAC Secured Creditors / Counsel for Secured Creditors** | | |
| **Indenture Trustee**<br>The Bank of New York Trust<br>Company, N.A.<br>John Stohlmann<br>600 North Pearl St., Suite 420<br>Dallas, TX 75201 | Bank of America<br>Clara Yang Strand<br>333 South Hope Street<br>Los Angeles, CA 90071 | **Counsel for Bank of America**<br>Evan M. Jones<br>Brian M. Metcalf<br>O'Melveny & Myers LLP<br>400 South Hope Street<br>Los Angeles, CA 90071-2899 |
| **Counsel to Ad Hoc Committee of**<br>**Timber Noteholders**<br>Evan D. Flaschen<br>Bingham McCutchen<br>One State Street<br>Hartford, CT 06103-3178 | **Counsel for The Bank of New**<br>**York Trust**<br>**Company, N.A., Indenture**<br>**Trustee**<br>Rhett G. Campbell<br>Diana M. Woodman<br>Matthew R. Reed<br>Thompson & Knight LLP<br>333 Clay Street, Suite 3300<br>Houston, TX 77002 | **Counsel for The Bank of New York**<br>**Trust Company, N.A., Indenture**<br>**Trustee**<br>Ira L. Herman<br>Thompson & Knight LLP<br>919 Third Avenue, 39th Floor<br>New York, NY 10022-3915 |
| **Debtor: The Pacific Lumber Company aka PALCO and Certain Subsidiaries** | | |
| **Debtor**<br>The Pacific Lumber Company<br>449 15th Street, Suite 401<br>Oakland, CA 94612 | **Debtor**<br>Scotia Development, LLC<br>921 N. Chaparral, Suite 104<br>Corpus Christi, TX 78401 | **Debtor**<br>Britt Lumber Co., Inc.<br>449 15th Street, Suite 401<br>Oakland, CA 94612 |
| **Debtor**<br>Salmon Creek, LLC<br>P.O. Box 37<br>Scotia, CA 95565 | **Debtor**<br>Scotia Inn, Inc.<br>100 Main Street<br>Scotia, CA 95565 | |

1

| | | |
|---|---|---|
| **VIA EMAIL AND OVERNIGHT**<br>**Counsel for Debtors: Scotia Development, LLC, The Pacific Lumber Company, Britt Lumber Co., Inc., Salmon Creek, LLC, Scotia Inn, Inc.**<br>Shelby A. Jordan<br>Harlin C. Womble, Jr.<br>Nathaniel Peter Holzer<br>Kevin J. Franta<br>Jordan, Hyden, Womble, Culbreth & Holzer, P.C.<br>500 N. Shoreline Drive Suite 900<br>Corpus Christi, TX 78471 | **VIA EMAIL AND OVERNIGHT**<br>**Counsel for Debtors: Scotia Development, LLC, The Pacific Lumber Company, Britt Lumber Co., Inc., Salmon Creek, LLC, Scotia Inn, Inc.**<br>Jeffrey L. Schaffer<br>Gary M. Kaplan<br>William J. Lafferty<br>Howard, Rice, Nemerovski, Canady, Falk & Rabkin, P.C.<br>Third Embarcadero Center, 7th Floor<br>San Francisco, CA  94111-4024 | |
| **PALCO Secured Creditors / Counsel for Secured Creditors** | | |
| Marathon Structured Finance Fund, LP<br>ATTN: Gary Lembo<br>461 Fifth Avenue, 11th Floor<br>New York, NY  10017 | LaSalle Business Credit, LLC<br>LaSalle Bank  National Assoc.<br>ATTN: David Gozdecki<br>135 South LaSalle Street, Ste 425<br>Chicago, IL  60603 | **Counsel for LaSalle Bank, N.A. and LaSalle Business Credit, LLC**<br>Vincent E. Lazar<br>Michael S. Terrien<br>Phillip W. Nelson<br>Jenner & Block, LLP<br>330 N. Wabash Avenue<br>Chicago, IL  60611 |
| **Counsel for Marathon Structured Finance Fund, LP**<br>David Neier<br>Winston & Strawn, LLP<br>200 Park Avenue<br>New York, NY  10166 | | |
| **UNITED STATES TRUSTEE** | | |
| **VIA EMAIL AND OVERNIGHT**<br>**U.S. Trustee**<br>Christine March<br>United States Trustee<br>606 N. Carancahua, Suite 1107<br>Corpus Christi, TX 78476 | | |
| **COMMITTEE OF UNSECURED CREDITORS** | | |
| Environmental Protection Information Center,<br>Interim Chairman<br>c/o Sharon E. Duggan<br>370 Grand Avenue, Suite 5<br>Oakland, CA 94610 | John Miller, Interim City Manager<br>City of Rio Dell<br>675 Wildwood Ave.<br>Rio Dell, CA 95562 | Pacific Coast Trading, Inc.<br>c/o Miles T. Crail<br>1690 Green Ash Road<br>Reno, NV 89511 |
| United Steelworkers<br>c/o David Jury<br>Five Gateway Center, Suite 807<br>Pittsburgh, PA 15222 | Steve Cave<br>2332 Wrigley Road<br>Eureka, CA 95503 | |

2

| GOVERNMENTAL AGENCIES | | |
|---|---|---|
| Susan Combs, Comptroller<br>LBJ State Office Bldg.<br>111 E. 17th Street<br>P.O. Box 13528<br>Austin, TX 78711 | Securities Exchange Commission<br>Attn: Merri Jo Gillette, Regional<br>Director<br>175 W. Jackson Blvd., Suite 900<br>Chicago, IL 60604-2908 | Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 |
| Internal Revenue Service<br>1919 Smith Street<br>Stop 5022 HOU<br>Houston, TX 77002 | U.S. Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530-0001 | U.S. Attorney's Office<br>Southern District<br>Donald J. Degabrielle, Jr.<br>P.O. Box 61129<br>Houston, TX  77208 |
| Judy A. Robbins<br>P.O. Box 61129<br>Houston, TX 77208-1129 | Kimberly A. Walsh<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>P.O. Box 12548<br>Austin, TX 78711-2548 | **Counsel for The Comptroller of Public Accounts of the State of Texas**<br>Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>P.O. Box 826880-0001<br>Sacramento, CA 94280-0001 |
| Michael M. Stahl<br>Lisa Lund<br>U.S. Environmental Protection Agency<br>Office of Compliance<br>1200 Pennsylvania Avenue, NW<br>Washington, DC 20640-0001 | Walker Smith<br>Randy Hill<br>U.S. Environmental Protection Agency<br>Office of Civil Enforcement<br>1200 Pennsylvania Avenue, NW<br>Washington, DC 20640-0001 | Office of Enforcement and Compliance Assurance<br>U.S. Environmental Protection Agency<br>401 M Street, S.W.<br>Washington, DC 20460 |
| Arizona Department of Revenue<br>P.O. Box 29079<br>Phoenix, AZ  85038-9079 | State of California<br>Franchise Tax Board<br>P.O. Box 2952<br>Sacramento, CA  95812-2952 | Kentucky Revenue Cabinet<br>Department of Revenue<br>200 Fair Oaks Lane<br>Frankfort KY 40620 |
| Louisiana Department of Revenue<br>P.O. Box 91011<br>Baton Rouge, LA  70821-9011 | Michigan Department of Treasury<br>430 W. Allegan Street<br>Lansing, MI  48922 | Missouri Director of Revenue<br>P.O. Box 3020<br>Jefferson City, MO  65105-3020 |
| Corporation Income Tax<br>P.O. Box 700<br>Jefferson City, MO 65105-0700 | Ohio Treasurer of State<br>Ohio Department of Taxation<br>P.O. Box 804<br>Columbus, OH  43216-0804 | West Virginia State Tax Department<br>Bankruptcy Unit<br>P.O. Box 766<br>Charleston, WV  25323-0766 |
| **Department of Fish and Game**<br>Stephanie Tom Coupe<br>State of California Department of Fish and Game<br>1416 Ninth Street, 12th Floor<br>Sacramento, CA  95814 | **U.S. Department of the Interior**<br>Department of Fish and Wildlife Service<br>Attn:  Anne Badgely, Regional Director<br>911 N.E. 11th Avenue<br>Portland, OR  97232 | Pacific Region, Region 1 Offices<br>Attn:  Ren Lohoefener, Regional Director<br>911 NE 11th Ave<br>Portland, OR 97232 |
| **U.S. Department of the Interior**<br>**U.S. Fish and Wildlife Service**<br>California and Nevada Operations:<br>Steve Thompson, California and Nevada Operations (CNO) Manager<br>Kenneth McDermond, Deputy Operations Manager<br>2800 Cottage Way<br>Sacramento, CA 95825 | **U.S. Department of Commerce National Oceanic and Atmospheric Administration; National Marine Fisheries Service, Southwest Regional Office**<br>National Marine Fisheries Services<br>US Department of Commerce<br>Attn: Dr. William Hogarth<br>Deanna Harwood, Office of Counsel<br>501 W. Ocean Blvd., Suite 4200<br>Long Beach, CA  90802 | **U.S. Department of Commerce National Oceanic and Atmospheric Administration; National Marine Fisheries Service**<br>Lisa Roberts<br>John Clancey<br>1655 Heindon Road<br>Arcata, CA  95521 |

3

| | | |
|---|---|---|
| The Resources Agency<br>Secretary of Resources<br>Attn: Mary Nichols<br>1416 Ninth Street, Suite 1131<br>Sacramento, CA  95814 | Department of Forestry and Fire<br>Protection<br>Norman Hill, Chief Counsel<br>Ginevra Chandler, Chief Counsel<br>1416 9th Street, Room 1516-20<br>Sacramento, CA  95814 | **State of California – Department of**<br>**Forestry and Fire Protection,**<br>**Humboldt Del Norte Unit**<br>Tom Osipovich, Unit Chief<br>Joe Fassler, Forest Inspector<br>118 S. Fortuna Boulevard<br>Fortuna, CA  95540 |
| **State of California; Wildlife**<br>**Conservation Board**<br>Wildlife Conservation Board<br>John P. Donnelly, Interim Executive<br>Director<br>1807 13th Street, Suite 103<br>Sacramento, CA 95814 | **U.S. Department of the Interior**<br>**U.S. Fish and Wildlife Service**<br>Sacramento Fish & Wildlife Office<br>Lynn Cox, Deputy Solicitor General<br>2800 Cottage Way, Room W-2605<br>Sacramento, CA  95825 | **U.S. Department of the Interior**<br>**U.S. Fish and Wildlife Service**<br>Arcata Fish & Wildlife Office<br>Mike Long<br>Amedee Brickey<br>James Bond<br>1655 Heindon Road<br>Arcata, CA  95521 |
| **California Environmental**<br>**Protection Agency**<br>**State Water Resources Control**<br>**Board**<br>Ted Cobb, Assistant Chief Counsel<br>1001 "I" Street<br>P.O. Box 100<br>Sacramento, CA  95814 | **California Environmental**<br>**Protection Agency**<br>**State Water Resources Control**<br>**Board**<br>**North Coast Regional Water**<br>**Control Board**<br>Robert Klamt, Chief, Timber<br>Harvest Division<br>5550 Skylane Boulevard, Suite A<br>Santa Rosa, CA  95403 | **North Coast Unified Air Quality**<br>**Management District**<br>Rick Martin, Director<br>North Coast Unified Air Quality<br>Mgmt. District<br>2300 Myrtle Avenue<br>Eureka, CA  95501 |
| California Forest Products<br>Commission<br>Attn: Donn Zea, President<br>853 Lincoln Way, Suite 208<br>Auburn, CA  95603 | **Counsel for the United States on**<br>**behalf of the Department of the**<br>**Interior and NOAA**<br>Alan Tenenbaum<br>National Bankruptcy Coordinator<br>Department of Justice<br>Environment and Natural Resources<br>Division<br>Environmental Enforcement Section<br>P.O. Box 7611<br>Washington, DC 20044 | **Counsel for the California**<br>**Resources Agency, California**<br>**Department of Fish and Game, the**<br>**California Department of Forestry**<br>**and Fire Protection, the North Coast**<br>**Region Water Quality Control**<br>**Board, the California State Water**<br>**Resources Control Board, and the**<br>**California Wildlife Conservation**<br>**Board**<br>Michael Neville<br>Tiffany Yee<br>Deputies Attorney General<br>Office of the Attorney General<br>455 Golden Gate Avenue,<br>Suite 11000<br>San Francisco, CA 94102-7004 |
| **PARTIES REQUESTING SPECIAL NOTICE** | | |
| **Counsel for Maxxam Group, Inc.**<br>Alan Gover<br>White & Case, LLP<br>1155 Avenue of the Americas<br>New York, NY  10036-2787 | **Counsel for Maxxam Group,  Inc.**<br>Craig H. Averch<br>Roberto J. Kampfner<br>White & Case, LLP<br>633 West Fifth Street, 19th Floor<br>Los Angeles, CA  90071 | **Counsel for Green Diamond**<br>**Resource Company**<br>Bruce G. MacIntyre<br>Perkins Coie, LLP<br>1201 Third Avenue, 40th Floor<br>Seattle, WA  98101-3099 |

4

| | | |
|---|---|---|
| **Bankruptcy Coordinator for IBM Corporation and IBM Credit LLC**<br>Vicky Namken<br>IBM<br>13800 Diplomat<br>Dallas, TX 75234 | **Counsel for The Bank of New York Trust Company, N.A. Indenture Trustee**<br>Rhett Campbell/Diana Woodman<br>Thompson & Knight, LLP<br>333 Clay Street, Suite 3300<br>Houston, TX 77002-4499 | **Counsel for The Bank of New York Trust Company, N.A. Indenture Trustee**<br>Ira L. Herman<br>Thompson & Knight, LLP<br>919 Third Avenue, 39th Floor<br>New York, NY 10022-3915 |
| Andrew Herenstein<br>Patrick Bartels<br>Quadrangle Group, LLC<br>375 Park Avenue, 14th Fl.<br>New York, NY 10152 | Michael W. Neville<br>California Attorney General's Office<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102 | **Counsel for Marathon Structured Finance Fund, LP**<br>David Neier<br>Wintson & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166 |
| **Counsel for Marathon Structured Finance Fund, LP**<br>Eric E. Sagerman<br>Winston & Strawn, LLP<br>333 South Grand Avenue, Ste 3800<br>Los Angeles, CA 90071 | **Counsel for Marathon Structured Finance Fund, LP**<br>John D. Penn/Trey Monsour<br>Haynes & Boone, LLP<br>201 Main Street, Suite 2200<br>Fort Worth, TX 76102 | **Counsel for the City of Rio Dell**<br>David E. Martinek<br>Dun & Martinek, LLP<br>2313 I Street<br>Eureka, CA 95501 |
| **Committee Financial Advisors**<br>Chanin Capital Partners<br>Peter Corbell/Anurag Kapur<br>William Eide/Tom Carlson<br>11150 Santa Monica Blvd.,<br>6th Floor<br>Los Angeles, CA 90025 | **Counsel to Key Equipment Finance Inc.**<br>Michael A. Axel, Esq.<br>KeyBank National Association<br>127 Public Square<br>Second Floor<br>Cleveland, Ohio 44114-1306 | **Counsel for the California Resources Agency, California Department of Fish and Game, the California Department of Forestry and Fire Protection, the North Coast Region Water Quality Control Board, the California State Water Resources Control Board, and the California Wildlife Conservation Board**<br>Steven H. Felderstein<br>Paul J. Pascuzzi<br>Felderstein Fitzgerald Willoughby & Pascuzzi LLP<br>400 Capitol Mall, Suite 1450<br>Sacramento, CA 95814-4434 |
| **Local Counsel for LaSalle Bank N.A. and Lasalle Business Credit LLC**<br>Henry J. Kaim<br>Mark W. Wege<br>Bracewell & Giuliani LLP<br>711 Louisiana Street, Suite 2300<br>Houston, Texas 77002-2781 | **Attorneys for the Ad Hoc Committee of Timber Noteholders**<br>John P. Melko, Esq.<br>Gardere Wynne Sewell LLP<br>1000 Louisiana, Suite 3400<br>Houston, Texas 77002-5011 | |

5