IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | JOINTLY ADMINISTERED |
| | § | |
| SCOTIA DEVELOPMENT LLC, ET AL., | § | Case No. 07-20027-C-11 |
| | § | |
| Debtors. | § | Chapter 11 |

Related Docket Nos. 212, 377 & 595
Hearing: April 10, 2007 @ 11:00 a.m. CST

THIS PLEADING APPLIES ONLY TO
**SCOTIA PACIFIC COMPANY LLC**, CASE NO. 07-20032

### MOTION FOR AN EMERGECNY HEARING REGARDING NOTEHOLDER GROUP'S REQUEST FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 158(D)(2)

A HEARING WILL BE CONDUCTED ON THIS MATTER ON APRIL 10, 2007 AT 11:00 A.M. BEFORE THE HONORABLE RICHARD S. SCHMIDT, 1133 NORTH SHORELINE, 2ND FLOOR, CORPUS CHRISTI, TEXAS 78471. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST APPEAR AT THAT TIME AND PLACE.

The Ad Hoc Group of Timber Noteholders (the members of which hold or manage, as of the date hereof, more than 95% in aggregate principal amount outstanding of the Timber Notes, the "**Noteholder Group**")[1] in the above captioned chapter 11 case, respectfully

---

[1] The current members of the Noteholder Group include: Angelo, Gordon & Co. L.P., on behalf of certain managed accounts and funds; Avenue Investments, L.P.; Avenue International, Ltd.; Avenue Special Situations Fund III, L.P.; Avenue-CDP Global Opportunities Fund, L.P. US; Avenue Special Situations Fund IV, L.P.; Banc of America Securities, Inc.; Camulos Master Fund LP; CarVal Investors LLC; Citigroup Global Markets Inc.; CSG Investments, Inc.; Davidson Kempner Capital Management LLC, on behalf of certain affiliated investment funds; Deutsche Bank Securities Inc.; D. E. Shaw Laminar Portfolios, L.L.C.; ECO Master Fund Ltd.; ECR Master Fund Ltd.; Gruss & Co.; funds managed by GSO Capital Partners LP; HBK Capital Management; Intermarket Corp.; J.P. Morgan Securities Inc.; KeyBanc Capital Markets; Lehman Brothers Inc.; Murray Capital Management (on behalf of certain managed accounts and funds); Northeast Investors Trust; Par IV Capital; Phoenix Investment Partners; Plainfield Special Situations Master Fund Limited; QDRF Master Ltd; QVT Financial LP; RockView Capital; TCW Credit Mortgage and Watershed Asset Management, L.L.C. The members of the Noteholder Group each act in their own individual interests, and neither the individual members nor the Group as a whole purport to act on behalf of or to represent any other holder of Timber Notes.

submits this motion for an emergency hearing regarding the Noteholder Group's request for certification (the "**Certification Request**"), pursuant to 28 U.S.C. § 158(d)(2) and Interim Bankruptcy Rule 8001(f), of its appeal of this Court's "Findings of Fact and Conclusion of Law and Final Order" dated April 5, 2007 (docket entry no. 595, the "**Final Order**" a copy of which is attached hereto) denying the Noteholder Group's motion (the "**SARE Motion**" docket entry no. 212) pursuant to Bankruptcy Code § 101(51B) and § 362(d)(3).

1. As the Court is aware, the SARE Motion sought a determination that Scotia Pacific Company LLC ("**Scopac**") is a "single asset real estate" debtor under 11 U.S.C. § 101(51B) that is subject to the expedited reorganization provisions of 11 U.S.C. § 362(d)(3).

2. On April 5, 2006, the Court issued its final order denying the SARE Motion (the "**Final Order**").

3. The Noteholder Group has filed an appeal seeking review of the Final Order.

4. The relief sought in the SARE Motion was an order declaring that Scopac must reorganize expeditiously. Congress granted (and recently expanded) this important right to secured creditors (such as the Noteholder Group) because it recognized that SARE debtors often misuse Chapter 11 as a dilatory litigation tactic to the substantial prejudice of the rights of their creditors. In other words "justice delayed is justice denied" in SARE cases.

5. Accordingly, Noteholder Group has filed the Certification Request seeking a direct appeal to the United States Court of Appeals for the Fifth Circuit to address the important questions of law presented by the Final Order.

6. Because time is of the essence with respect to the appeal, the Noteholder Group requests the Court to consider the Certification Request on an emergency basis. Absent expeditious appellate review, the relief sought in Motion will be meaningless and unattainable

because the mere passage of time would permit Scopac to delay the expedited reorganization to which the Noteholder Group is entitled under the Bankruptcy Code.

WHEREFORE, the Noteholder Group respectfully requests the Court to set for Emergency Hearing on April 10, 2007, the Noteholder Group's Certification Request regarding its appeal pursuant to 28 U.S.C. § 158(d)(2) and Interim Bankruptcy Rule 8001(f).

Dated:  April 9, 2007

BRACEWELL & GIULIANI LLP

Evan D. Flaschen (304232)
Gregory W. Nye (300188)
Kurt A. Mayr (425858)
One Goodwin Square
225 Asylum Street, 26th Floor
Hartford, CT 06103
Telephone: (860) 947-9000
Facsimile: (860) 760-6789
E-Mail: evan.flaschen@bgllp.com

and

GARDERE WYNNE SEWELL LLP


By:   /s/  John P. Melko
John P. Melko (13919600)
1000 Louisiana, Suite 3400
Houston, TX 77002-5007
Telephone: (713) 276-5727
Facsimile: (713) 276-6727

*Attorneys for the Ad Hoc Group of Timber Noteholders*


### CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2007 a true and correct copy of the foregoing instrument was forwarded to all parties listed on the attached Service list

/s/ John P. Melko
John P. Melko