UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| SCOTIA DEVELOPMENT LLC, | § | Case No.  07-20027-C-11 |
| | § | Jointly Administered |
| Debtor. | § | (Chapter 11) |

**SCOTIA PACIFIC COMPANY LLC'S OBJECTION TO MOTION FOR AN EMERGENCY HEARING REGARDING NOTEHOLDER GROUP'S REQUEST FOR CERTIFICATION PURSUANT TO 29 U.S.C. § 158(d)(2)**

Scotia Pacific Company LLC ("Scopac") files this Response to the Motion for an Emergency Hearing Regarding Noteholder Group's (the "Ad Hoc Committee") Request for Certification Pursuant to 29 U.S.C. § 158(d)(2) (the "Emergency Motion").  In support of this Objection, Scopac respectfully states as follows:

**I.
THE AD HOC COMMITTEE HAS FAILED TO SATISFY ANY OF THE
GROUNDS FOR CERTIFICATION TO THE DISTRICT COURT**

1. On April 5, 2007, this Court signed its "Findings of Fact and Conclusion of Law and Final Order" (the "SARE Order") denying the motion by dated February 5, 2007 seeking (A) Determination that Scotia Pacific Company LLC is a Single Asset Real Estate Debtor, and (B) Order Requiring that Scotia Pacific Comply with the Requirements of Bankruptcy Code Section 362(d)(3) (the "SARE Motion").

2. On April 9, 2007, the Ad Hoc Committee filed a notice of appeal of the SARE Order and moved, on an emergency basis, to certify the appeal directly to the Fifth Circuit (the "Committee Certification") pursuant to 28 U.S.C. § 158(d)(2).  The Committee Certification fails to set forth any basis for a direct certification to the Court of Appeals, and must be denied.

3. 28 U.S.C. § 158(d)(2), enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, allows "an appeal to be taken directly from the bankruptcy

court to the court of appeals *if the certification procedures set forth in the statute are followed and the court of appeals authorizes the direct appeal.*"  *Simon & Schuster, Inc. v. Advanced Marketing Services Inc.*, 2007 WL 603034, at *2 (Bankr. D. Del. Feb. 27, 2007) (emphasis added).  28 U.S.C. § 158(d)(2) provides that the court shall certify an opinion directly to the presiding circuit if a party to the judgment certifies that:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case . . . .

28 U.S.C. § 158(d)(2).  In the absence of an agreement from all the parties to the judgment, the bankruptcy court must determine that one of these three grounds are present prior to making any certification to the Court of Appeals.  See 28 U.S.C. § 158(d)(2)(B)(i).

4.     In the first instance, the SARE Order is not a final order, and therefore the Ad Hoc Committee must seek leave to appeal the SARE Order to *any* court.  28 U.S.C. § 158(d)(2) does not change this rule.  28 U.S.C. § 158(d)(2) provides that the "appellate court shall have jurisdiction of appeals described in the first sentence of subsection (a)" of Section 158.  The first sentence of Section 158 provides that an appellate court has jurisdiction to hear (i) final judgments, (ii) interlocutory orders respecting exclusivity and (iii) other interlocutory order *with leave of the court*.  The Ad Hoc Committee has not sought leave to appeal the SARE Order and, as a result, cannot now seek to certify its appeal directly to the Fifth Circuit.  For this reason, the Bankruptcy Court simply lacks jurisdiction to grant the relief requested in the Committee's request.

5.	The Committee Certification fails to satisfy *any* of the above elements for relief.

(a) First, there is controlling precedent in the Fifth Circuit.  *See*, *e.g.*, *Humble Place Joint Venture v. Fory (In re Humble Place Joint Venture)*, 936 F.2d 814, 817 (5th Cir. 1991) (dismissing a single asset real estate case of a commercial developer whose sole asset was undeveloped real property whose business consisted of "mowing the grass and waiting for market conditions to turn" and whose reason for filing was to relieve insiders of personal guarantees.")  Also, while the decision on the SARE Motion is important to the parties, it hardly rises to the level of "a matter of public importance," and the Ad Hoc Committee does not claim otherwise.

(b) Second, the Ad Hoc Committee argues that there is conflicting authority regarding the interpretation of the Single Asset Real Estate Provisions of the Bankruptcy Code.  As set forth in the comprehensive briefing and the SARE Order, and there is absolutely no dispute under the applicable case law that active commercial enterprises do not constitute single asset real estate entities for the purposes of the single asset real estate provisions of the Bankruptcy Code.  Indeed, the Bankruptcy Court's opinion clearly followed prior precedent, including a decision of the Eastern District of Texas, and decisions of the Ninth Circuit Bankruptcy Appellate Panel, the Southern District of Ohio, the District of Nebraska, the Middle District of North Carolina, the District of New Hampshire and the District of Maine.  Furthermore, the only opinion cited by the Ad Hoc Committee as conflicting authority, *Kara Homes v. Nat'l City Bank, et al.*, 2007 WL 78470 (Bankr. D.N.J. March 12, 2007), supports the conclusions of law in the SARE Order.

(c) Finally, certifying this case to the Fifth Circuit at this point would do little to "materially advance the progress of this case."  Scopac is presently working with its financial advisors to formulate its plan of reorganization and is moving toward its exit from bankruptcy.

There has not been any undue delay in the progress of this case and certifying an appeal to the Fifth Circuit would do little to move the case forward at this point. Indeed, an appeal could delay this case by creating a sense of uncertainty thereby delaying progress of the confirmation of a reorganization plan.

6. The Committee argues a need for an expedited appeal because of the effect of delay on the case. Although Scopac disagrees with this argument, even if correct, the harm suggested by the Committee is inherent in any case in which a SARE Motion is denied. Congress clearly knew how to provide expedited appellate relief in such cases (e.g., 28 U.S.C. § 158(a)(2)) and did not do so with respect to SARE Motions, thus suggesting that the normal limits on interlocutory appeals are applicable. The Ad Hoc Committee has failed to make even the plainest showing of any of the required factors for either interlocutory relief or to certify their appeal directly to the circuit court. To certify this appeal directly to the Fifth Circuit at this time would only serve to further distract this case from its true purpose, reorganizing Scopac's business.

7. WHEREFORE, Scopac respectfully requests this Court deny the Emergency Motion and grant any other relief this Court deems just and proper.

Respectfully submitted this 10th day of April 2007.

/s/ Kathryn A. Coleman
Kathryn A. Coleman
California State Bar No. 110937
Eric J. Fromme
California State Bar No. 193517
Robert K. Dakis
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Telephone:   212.351.4000
Facsimile:   212.351.3889
kcoleman@gibsondunn.com
efromme@gibsondunn.com
rdakis@gibsondunn.com

-and-

John F. Higgins
State Bar No. 09597500
James Matthew Vaughn
State Bar No. 24028088
Joshua W. Wolfshohl
State Bar No. 24038592
PORTER & HEDGES, L.L.P.
1000 Main Street, 36th Floor
Houston, TX  77002
Telephone:   713.226.6000
Facsimile:   713.226.6248
jhiggins@porterhedges.com
mvaughn@porterhedges.com

**BANKRUPTCY COUNSEL TO SCOTIA PACIFIC COMPANY, LLC**

100202957_1.DOC