**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE: | § | **JOINTLY ADMINISTERED** |
| | § | |
| **SCOTIA DEVELOPMENT LLC, ET AL.,** | § | **Case No. 07-20027-C-11** |
| | § | |
| Debtors. | § | **Chapter 11** |

| THIS PLEADING APPLIES ONLY TO |
|---|
| **SCOTIA PACIFIC COMPANY LLC**, CASE NO. 07-20032 |

**DESIGNATION OF RECORD AND ISSUES ON**
**APPEAL PURSUANT TO BANKRUPTYC RULE 8006**
**[Related Docket Nos. 595 & 611]**

The Ad Hoc Group of Timber Noteholders (the members of which hold or manage, as of

the date hereof, more than 95% in aggregate principal amount outstanding of the Timber Notes,

the "**Noteholder Group**")[1] in the above-captioned chapter 11 case respectfully submits, pursuant

to Bankruptcy Rule 8006, this designation of record and issues on appeal regarding its appeal of

this Court's "Findings of Fact and Conclusion of Law and Final Order" dated April 5, 2007

---

[1] The current members of the Noteholder Group include:  Angelo, Gordon & Co. L.P., on behalf of certain managed accounts and funds; Aurelius Capital Management, LP; Avenue Investments, L.P.; Avenue International, Ltd.; Avenue Special Situations Fund III, L.P.; Avenue-CDP Global Opportunities Fund, L.P. US; Avenue Special Situations Fund IV, L.P.; Banc of America Securities, Inc.; Camulos Master Fund LP; CarVal Investors LLC; Citigroup Global Markets Inc.; CSG Investments, Inc.; Davidson Kempner Capital Management LLC, on behalf of certain affiliated investment funds; Deutsche Bank Securities Inc.; D. E. Shaw Laminar Portfolios, L.L.C.; ECO Master Fund Ltd.; ECR Master Fund Ltd.; Gruss & Co.; funds managed by GSO Capital Partners LP; HBK Capital Management; Intermarket Corp.; J.P. Morgan Securities Inc.; KeyBanc Capital Markets; KS Capital Partners, L.P.; KS International; Lehman Brothers Inc.; Murray Capital Management (on behalf of certain managed accounts and funds); Northeast Investors Trust; Par IV Capital; Plainfield Special Situations Master Fund Limited; QDRF Master Ltd; QVT Financial LP; RockView Capital; TCW Credit Mortgage and Watershed Asset Management, L.L.C.  The members of the Noteholder Group each act in their own individual interests, and neither the individual members nor the Group as a whole purport to act on behalf of or to represent any other holder of Timber Notes.

(docket entry no. 595, the "**Final Order**," a copy of which is attached hereto) denying the

Noteholder Group's motion (the "**SARE Motion**" docket entry no. 212) pursuant to Bankruptcy

Code § 101(51B) and § 362(d)(3).

## DESIGNATION OF RECORD ON APPEAL

Pursuant to Bankruptcy Rule 8006, the Noteholder Group hereby designates the

following items (including all attachments to each item) as the record in its appeal of the Final

Order:

| Docket# / Trial Exhibit | Description |
|---|---|
| Dckt. # 212 | Amended Motion for (A) Determination That Scotia Pacific Company LLC is a Single Asset Real Estate Debtor, and (B) Order Requiring that Scotia Pacific Company Comply with the Requirements of Bankruptcy Code § 362(d)(3) (including all attachments thereto) |
| Dckt. # 217 | Declaration of Kurt A. Mayr In Support of Noteholder Committee's Amended Motion for (A) Determination That Scotia Pacific Company LLC Is A Single Asset Real Estate Debtor, And (B) Order Requiring That Scotia Pacific Comply With the Requirements of Bankruptcy Code § 362(d)(3) |
| Dckt. # 377 / Noteholder's Ex. # 22 | Scotia Pacific Company LLC's Response and Objection to the Noteholder Committee's Amended Motion for (A) Determination That Scotia Pacific Company LLC is a Single Asset Real Estate Debtor, and (B) Order Requiring That Scotia Pacific Comply with the Requirements of Bankruptcy Code § 362(d)(3) |
| Dckt. # 537 | Noteholder Group's Reply to Scopac's Reponse to Noteholder Group's Motion for (A) Determination That Scotia Pacific Company LLC is a Single Asset Real Estate Debtor, and (B) Order Requiring Scotia Pacific Company Comply With Requirements of Bankruptcy Code § 362(d)(3) |
| Dckt. # 541 | Joinder by Palco Debtors' in the Objection by Scotia Pacific Company LLC to the Noteholder Committee's Amended Motion for (A) Determination That Scotia Pacific Company LLC is a Single Asset Real Estate Debtor, and (B) Order Requiring that Scotia Pacific Company Comply with the Requirements of Bankruptcy Code § 362(d)(3) |
| Dckt. # 542 | Palco Debtors' Brief In Support of its Joinder In the Objection by Scotia Pacific Company LLC to the Noteholder Committee's Amended Motion for (A) Determination That Scotia Pacific Company LLC is a Single Asset Real Estate Debtor, and (B) Order |

| | Requiring that Scotia Pacific Company Comply with the Requirements of Bankruptcy Code § 362(d)(3) |
|---|---|
| Dckt. # 545 | Scopac's Sur-Reply to the Noteholder Group's Reply to Scopac's Reponse to Noteholder Committee's Motion for (A) Determination That Scotia Pacific Company LLC is a Single Asset Real Estate Debtor, and (B) Order Requiring Scotia Pacific Company Comply With Requirements of Bankruptcy Code § 362(d)(3) |
| Dckt. # 547 | Motion to Strike Untimely Pleadings Filed by the "Palco Debtors" |
| Dckt. # 548 | Supplemental Response of The Bank of New York Trust Company, N.A. In Support of Ad Hoc Committee Single Asset Real Estate Motion |
| Dckt. # 572 | Proposed Findings of Fact and Conclusions of Law of Scotia Pacific Company LLC |
| Dckt. # 579 | Proposed Findings of Fact and Conclusions of Law of Noteholder Group |
| Dckt. # 595 | Findings of Fact and Conclusions of Law and Final Order |
| Dckt. # 611 | Noteholder Group's Notice of Appeal |
| Dckt. # 612 | Noteholder Group's Motion for Emergency Hearing Regarding Noteholder Group's Request for Certification of Appeal |
| Dckt. # 613 | Noteholder Group's Emergency Request for Certification of Appeal |
| Dckt. # 615 | Response of Scotia Pacific Company LLC to Noteholder Group's Emergency Request for Certification of Appeal |
| Dckt. # 647 | Transcript of Hearing Held on March 30, 2007, Before the Honorable Richard Schmidt Regarding Noteholder Group's Amended Motion for (A) Determination That Scotia Pacific Company LLC is a Single Asset Real Estate Debtor, and (B) Order Requiring that Scotia Pacific Company Comply with the Requirements of Bankruptcy Code § 362(d)(3) |
| | The Bankruptcy Court's Docket Report |
| | All exhibits admitted into evidence by the Noteholder Group at the hearing on March 30, 2007 |
| Dckt. # Not Yet Available | The Noteholder Group's Designation of Record and Issues on Appeal Pursuant to Bankruptcy Rule 8006 |
| | All exhibits, attachments, and supplements to each item designated above and in other designations filed for this appeal |
| Noteholder's Ex. # 1 | Affidavit of Gary L. Clark in Support of First Day Motions for Scotia Pacific Company LLC |
| Noteholder's Ex. # 2 | Agreement of Limited Liability Company of Scotia Pacific Company LLC (Ex. 3.2 to Scotia Pacific Form S-4 filed 9/21/1998) |
| Noteholder's Ex. # 3 | Indenture between Scotia Pacific Company LLC and State Street Bank and Trust Company, as Trustee, dated as of 7/20/1998 (Source: Maxxam Inc. 10-Q filed 8/3/1998) |
| Noteholder's Ex. # 4 | First Supplemental Indenture between Scotia Pacific Company LLC and State<br>Street Bank and Trust Company, as<br>Trustee, dated as of 7/16/1999 (Source: |

| | |
|---|---|
| | Scotia Pacific Form 10-Q filed 8/13/1999) |
| Noteholder's Ex. # 5 | Second Supplemental Indenture between Scotia Pacific Company LLC and State Street Bank and Trust Company, as Trustee, dated as of 11/18/1999 (Ex. 99-3 to Scotia Pacific Form 8-K filed 11/19/1999) |
| Noteholder's Ex. # 6 | Scotia Pacific Form S-4 filed 9/21/1998 |
| Noteholder's Ex. # 7 | Scotia Pacific's List of Creditors Holding 20 Largest Unsecured Claims |
| Noteholder's Ex. # 8 | Scotia Pacific's Amended List of Creditors Holding 20 Largest Unsecured Claims |
| Noteholder's Ex. # 9 | Standard & Poor's Research Report "Global Timber Property Securitizations" |
| Noteholder's Ex. # 10 | Scotia Pacific 2005 Form 10-K filed 3/15/2006 |
| Noteholder's Ex. # 11 | Scotia Pacific 2004 Form 10-K, filed 3/16/2005 |
| Noteholder's Ex. # 12 | Scotia Pacific 2003 Form 10-K, filed 3/30/2004 |
| Noteholder's Ex. # 13 | Scotia Pacific 2002 Form 10-K filed 3/31/2003 |
| Noteholder's Ex. # 14 | Scotia Pacific 2001 Form 10-K filed 4/1/2002 |
| Noteholder's Ex. # 15 | Scotia Pacific 2000 Form 10-K filed 3/30/2001 |
| Noteholder's Ex. # 16 | Scotia Pacific 1999 Form 10-K filed 3/13/2000 |
| Noteholder's Ex. # 17 | Scotia Pacific 1998 Form 10-K filed 3/31/1999 |
| Noteholder's Ex. # 18 | Scotia Pacific Form 424B3 dated 3/19/1999, Supplement to Prospectus dated 12/30/1998, as filed 3/22/1999 |
| Noteholder's Ex. # 19 | New Master Purchase Agreement, dated 7/20/1998, as filed with MAXXAM Group Holding Inc. Form 10-Q filed 8/3/1998 |
| Noteholder's Ex. # 20 | Agreement for Lump Sum Purchase of Company Timber, dated 1/10/2006 (filed as an exhibit to the Scotia Pacific Company LLC 2005 Form 10-K filed 3/14/2006) |

## DESIGNATION OF ISSUES ON APPEAL

Pursuant to Bankruptcy Rule 8006, the Noteholder Group designates the following issues for its appeal of the Final Order:

1.      Whether the Bankruptcy Court erred in interpreting 11 U.S.C. § 101(51B) of the Bankruptcy Code to include only "passive" businesses that "own or acquire property merely with an eye for holding it and flipping it when the market turns or idly sit and collect rent."

2.      Whether the Bankruptcy Code erred in finding 11 U.S.C. § 101(51B) inapplicable to Scopac because Scopac "actively" operates its real property to generate substantially all of its income.

3.      Whether the Bankruptcy Court erred in interpreting and applying the phrase

"single property or project" under 11 U.S.C. § 101(51B) of the Bankruptcy Code to Scopac's

operations.

Dated:  April 19, 2007                          BRACEWELL & GIULIANI LLP

                                                Evan D. Flaschen (304232)
                                                Gregory W. Nye (300188)
                                                Kurt A. Mayr (425858)
                                                One Goodwin Square
                                                225 Asylum Street, 26th Floor
                                                Hartford, CT 06103
                                                Telephone: (860) 947-9000
                                                Facsimile: (860) 760-6789
                                                E-Mail: evan.flaschen@bgllp.com

                                                and

                                                GARDERE WYNNE SEWELL LLP


                                                By:   /s/  John P. Melko
                                                    John P. Melko (13919600)
                                                    1000 Louisiana, Suite 3400
                                                    Houston, TX 77002-5007
                                                    Telephone: (713) 276-5727
                                                    Facsimile: (713) 276-6727

                                                *Attorneys for Appellant, the Ad Hoc Group
                                                of Timber Noteholders*


                        <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on the 19th day of April, 2007 a true and correct copy of the foregoing
instrument was forwarded to all parties listed on the attached Service list.


                        /s/ John P. Melko
                        John P. Melko