

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**ENTERED**
**09/21/2007**

| | |
|---|---|
| IN RE: § | |
| SCOTIA DEVELOPMENT, LLC § | CASE NO: 07-20027 |
| Debtor(s) § | |
| § | CHAPTER 11 |

### MEMORANDUM OPINION AND ORDER DENYING SCOTIA PACIFIC COMPANY LLC'S AND PACIFIC LUMBER COMPANY'S MOTION FOR AUTHORITY TO PAY SPECIFIED BENEFITS TO EMPLOYEES TERMINATED BY NOTICE GIVEN 12/1/06

On this day came on for consideration the Motion for Authority to Pay Specified Benefits to Employees Terminated by Notice Given 12/1/06, filed by Scotia Pacific Company LLC ("Scopac") and Pacific Lumber Company ("Palco")(collectively the "Debtors"). The Court, having heard the evidence and arguments of counsel, finds that the Motion should be denied without prejudice.

### BACKGROUND

On December 1, 2006, the Debtors instituted a reduction in force ("RIF") to lower their operating expenses. The RIF promised each terminated employee 60 days' wages and, for employees with more than five years of service, severance payments tied to length of service. The severance payments would be made 60 days after termination. Debtors filed their chapter 11 bankruptcy petitions on January 18, 2007, before the 60-day time period elapsed. Scopac seeks to pay $102,996, and Palco seeks to pay $843,890.78, to terminated employees for the voluntary severance program instituted in December, 2006, as part of the pre-petition RIF. The Committee of Unsecured Creditors, the Indenture Trustee for the Timber Notes (the "Indenture Trustee"), and Marathon Structured Finance Fund, L.P. ("Marathon") object to the payments. Debtors' chapter 11 case has been pending for nine months. No plan of reorganization is on file.

## DISCUSSION

Severance claims arising under a pre-petition agreement are not entitled to post-petition administrative priority status. *In re Phones for All,* 249 B.R. 426 (Bankr. N.D.Tex. 2000), *aff'd.*, *Matter of Phones for All, Inc.*, 288 F.3d 730, 732 (5th Cir. 2002). Section 503(b)(1) of the Bankruptcy Code does not include severance pay within wages, salaries and commissions entitled to administrative expense status. Unlike section 507(a)(4) of the Bankruptcy Code, which specifically contemplates that severance claims are entitled to pre-petition priority status, section 503(b)(1) only refers to wages, salaries, and commissions earned after the commencement of the case. 249 B.R. at 428-29. To achieve post-petition administrative expense status, "a severance claim must have arisen from a transaction with the debtor in possession and must then confer a benefit on the debtor's estate." 288 F.3d. at 732. The fact that the severance payment became due post-petition does not elevate it to an administrative expense because the severance payment is compensation for pre-petition services. No matter how much Debtors' current employees will be pleased to know that former employees receive the severance promised to them pre-petition, there is no post-petition consideration for the proposed payment. *See, American Plumbing & Mechanical, Inc.*, 323 B.R. 442, 458-59 (Bankr. W.D.Tex. 2005).

The Debtors alternatively seek permission to pay the severance claims under the "doctrine of necessity" and section 105(a) of the Bankruptcy Code. Debtors analogize the facts here to cases involving critical vendors, arguing that payment of severance obligations is necessary to maintain the loyalty and commitment of existing employees. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). The Fifth Circuit Court of Appeals has held that the powers granted by section 105(a) "must be exercised

in a manner that is consistent with the Bankruptcy Code." *Matter of Oxford Management, Inc.*, 4 F.3d 1329, 1334 (5th Cir. 1993).

In the case most nearly on point, Judge Hale provided an excellent review of the relevant case law and held that prepetition wages and benefits could be paid before confirmation. *In re CEI Roofing, Inc.*, 315 B.R. 50, 60-61 (Bankr. N.D.Tex. 2004). Judge Hale reasoned that because the Bankruptcy Code placed pre-petition wages and benefits above general unsecured claims in the priority scheme, there was sufficient authority beyond section 105(a) of the Bankruptcy Code to permit payment. *Id*. 11 U.S.C. §507(a)(4) places claims for wages, salaries, or commissions, including vacation, severance and sick leave pay earned within 180 of the bankruptcy filing ahead of other unsecured creditors, up to $10,000 per individual. However, the holding of *CEI Roofing* is limited "[t]o the extent that the existing holders of claims of higher priority than the wage claims consent or do not timely object…" *Id*. at 61. Here, Marathon, a secured lender and the Indenture Trustee object to the payment. Accordingly, the court declines to extend *CEI Roofing* to the case at bar.

In addition, the Court does not believe that payment of severance claims to employees who are already terminated will have sufficient positive effect on current employees to justify payment prior to confirmation. Factors to be considered in determining whether to allow "critical vendor" payments are (1) "it must be critical that the debtor deal with the claimant," (2) "unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's pre-petition claim," and (3) "there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim." *In re CoServ, LLC*, 273 B.R. 487, 498 (Bankr. N.D.Tex. 2002). Debtors do not have to deal with

the employees with severance claims because they are no longer employed by Debtors. Debtors did not demonstrate that their ability to operate would be impaired. Moreover, the claims may be paid later, at confirmation.

## CONCLUSION

For the reasons stated above, the Court finds that the Motions for Authority to Pay Specified Benefits to Employees Terminated by Notice Given 12/1/06, should be denied without prejudice at this time.

It is therefore ORDERED that the Motions for Authority to Pay Specified Benefits to Employees Terminated by Notice Given 12/1/06, are hereby DENIED WITHOUT PREJUDICE.

SIGNED 09/21/2007.

RICHARD S SCHMIDT
United States Bankruptcy Judge