ENTERED
02/20/2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| SCOTIA INN, INC. § | CASE NO: 07-20027 | |
| and § | | |
| SCOTIA PACIFIC COMPANY LLC § | | |
| and § | | |
| SCOTIA DEVELOPMENT, LLC § | | |
| and § | | |
| SALMON CREEK, LLC; aka SALMON § | | |
| CREEK CORPORATION § | | |
| § | | |
| BRITT LUMBER CO., INC. § | CASE NO: 07-20029 | |
| § | | |
| § | Jointly Administered Order | |
| Debtor(s) § | | |
| § | CHAPTER 11 | |

## MEMORANDUM OPINION AND ORDER ON MOTION FOR SUMMARY JUDMGENT ON OBJECTION TO CLAIM OF PATRICK LANCELIN

On this day came on for consideration the Motion for Summary Judgment filed by the Julianne Viadro (the "PLC Litigation Trustee"), on behalf of and as the trustee of the PLC Litigation Trustee, pursuant to section 9.2.1 of the *First Amended Joint Plan of Reorganization of the Debtors, as Further Modified, with Technical Modification*, confirmed by the Court on July 8, 2008 (the "Plan") against claimant Patrick Lancelin ("Lancelin"). The Court, having heard the arguments of counsel and of Lancelin, *pro se*, and having reviewed the pleadings and briefs on file herein, and the summary judgment evidence, finds that there are no genuine issues of material fact and summary judgment should be granted in favor of the PLC Litigation Trust.

## I. JURISDICTION

The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Proper and adequate notice of the Motion and hearing thereon has been given, and no other or further notice is necessary.

## II. UNCONTROVERTED FACTS

### A. PROCEDURAL HISTORY

On January 18, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On or about July 17, 2007, Patrick Lancelin ("Lancelin") filed a general unsecured claim in the amount of $3,400,000 (Claim No. 547) (the "Lancelin Claim"). On or about April 7, 2008, the Debtors filed an objection to the Lancelin Claim seeking to have it disallowed. On or about May 20, 2008, Lancelin filed an answer to the Debtors' objection to the Lancelin Claim.

By order dated July 8, 2008, this Court confirmed the Plan. The effective date of the Plan was July 30, 2008. The PLC Litigation Trust was created pursuant to section 8.1.1 of the Plan. Julianne Viadro is the trustee of the PLC Litigation Trust. The purpose of the PLC Litigation Trust is to liquidate and distribute the PLC Litigation Trust Assets to the Holders of Allowed Claims in Class 7 (Palco General Unsecured Claims) and Class 8 (Scopac Trade Claims) under the Plan. The PLC Litigation Trust is also responsible for

administering, reconciling, and objecting to claims asserted in Classes 7 and 8 under the Plan.

Pursuant to the Plan, the PLC Litigation Trustee has succeeded to the pending objection on file with respect to the Lancelin Claim. On August 22, 2008, the PLC Litigation Trustee filed the Motion to disallow the Lancelin claim as a matter of law ("Motion"). On September 17, 2008, Lancelin filed a Request for Relief From Default, which was granted. On December 4, 2008, Lancelin filed his initial objection to the Motion with exhibits, an Amended Motion For Rehearing with Exhibits, and a request for judicial notice.

On December 5, 2008, the Court conducted a hearing on the Motion. Lancelin appeared in person at the hearing. At the conclusion of the hearing, the Court gave Lancelin ten (10) additional days to submit further papers in support of his claim. Lancelin failed to file any response and the court conducted a status conference on January 5, 2009, where Lancelin again appeared in person, and was granted another ten (10) additional days to submit further papers in support of his claim. On January 16, 2009, Lancelin filed a Status Conference Statement, a proposed statement of decision, and a proposed order, to which the Trustee responded. The Court conducted a further status conference on February 20, 2009, and allowed Mr. Lancelin to fax his final pleading directly to chambers, which the Court received on the same day.

B.     RELEVANT FACTS

Lancelin has asserted that, on or about January 1, 1997, heavy rains caused a substantial landslide in Humboldt County, California, commonly referred to as the "Stafford slide," which affected lands owned by various parties, allegedly including Lancelin. Some blamed the Debtors for causing and/or contributing to the Stafford slide through their logging practices.

In December 1997 (more than ten years ago), a lawsuit was filed against the Debtors arising from the Stafford slide in the Superior Court for the State of California, Humboldt County (the "California Superior Court"), Case No. 9700400. Lancelin was a plaintiff in this action. In his answer to the Debtors' objection to the Lancelin Claim, Mr. Lancelin admits that his claim is "based on a tort action in the Superior Court of California in the County of Humboldt, Case No. 9700400." He goes on to state that "my lawsuit against the debtors has not been dismissed!"

The evidence demonstrates that Lancelin's lawsuit against the Debtors was dismissed. By order dated February 13, 2001, Judge Peterson of the California Superior Court entered the Dismissal Order. The Dismissal Order specifically states as follows:

> THE COURT FINDS that Patrick Lancelin has willfully failed to comply with his discovery obligations, including but not limited to those established by the court order of May 19, 2000. Considering the time past since the interrogatories were first served, the failure to comply with the prior order of the court, the factors set forth in <u>Devo v. Kilbourne</u>, 84 Cal. App. 3d 771, the conduct of Mr. Lancelin and the totality of the circumstances, the court finds that dismissal is the sanction appropriate for the dereliction,

> IT IS HEREBY ORDERED that the complaint of plaintiff Patrick Lancelin be dismissed and it is hereby dismissed without prejudice.

- - Dismissal Order at p. 2.

There is no evidence that Lancelin took any action to prosecute any claims against the Debtors relating to the Stafford slide between the date of the Dismissal Order until the filing of the Lancelin Claim in this Court.

Lancelin nevertheless argues that Judge Peterson, the judge who issued the Dismissal Order was unfairly biased against Lancelin, and should have stepped aside. At a hearing on December 13, 2000, Lancelin asked Judge Peterson to recuse himself, but Judge Peterson refused to do so. Lancelin admitted at the hearing on the Motion that he did not appeal that decision.

Lancelin also argues that Judge Peterson actually did recused himself at a hearing on December 13, 2000 in the Stafford Slide lawsuit, and as a result lacked jurisdiction to later dismiss Lancelin's claims from that lawsuit. However, the transcript of that hearing, submitted to this Court by Lancelin, shows clearly that Judge Peterson never disqualified himself as Lancelin now contends. Instead, Judge Peterson described his connections to some of the lawyers involved, and inquired whether anyone might later move to disqualify him based on those connections. Judge Peterson's stated basis for doing so was "I do not want to become involved in the case, have you do a great deal of work, then find out that there's a reason that [illegible] feel – conclude that I shouldn't be presiding over the matter so that you have a need to file a 170.3 against me." Transcript at p 3. Nowhere in the transcript, or in any other evidence presented by Lancelin to this

Court, does Judge Peterson state or imply that he believed there was a substantial doubt as to his capacity to be impartial.

### III. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that, as a matter of law, the movant is entitled to judgment.[1] Only disputes about material facts will preclude the granting of summary judgment.[2] In a motion for summary judgment, the burden is on the movant to prove that no genuine issue of material fact exists.[3] If the non-movant bears the burden of proof at trial, the movant for summary judgment need not support the motion with evidence negating the opponent's case; rather, the movant may satisfy its burden by showing that there is an absence of evidence to support the non-movant's case.[4]

Once the movant makes this showing, the burden shifts to the non-movant to show that summary judgment is not appropriate.[5] "This burden is not satisfied with 'some metaphysical doubt as to the material,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla of evidence.'"[6] Rather, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'"[7] In determining whether a genuine issue for trial exists, the evidence must be

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)( "[T]he substantive law will identify which facts are material."); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[2] *Anderson,* 477 U.S. at 248, ("[T]he substantive law will identify which facts are material.").
[3] *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990).
[4] *Id.*; *Little,* 37 F.3d at 1075.
[5] *Little*, 37 F.3d at 1075 (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325(1986)).
[6] *Id*. (quoting *Matsushita Elect. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986)).
[7] *Matsushita*, 475 U.S. at 587 (*quoting* FED. R. CIV. P. 56(e)).

sufficient such that a reasonable jury could return a verdict for the non-movant.[8] If the non-movant fails to meet this burden, then summary judgment is appropriate.[9]

## IV. DISCUSSION

The evidence demonstrates that the Lancelin Claim was dismissed by the California Superior Court over seven years ago. Although such dismissal was without prejudice, Mr. Lancelin did not re-assert or prosecute his claim against the Debtors until after the commencement of these cases by virtue of the filing of the Lancelin Claim. As addressed below, the Lancelin Claim is now barred by all applicable statutes of limitations as a matter of law.

If Lancelin thought in December, 2000, that Judge Peterson was biased and should have been disqualified, he should have filed a motion to disqualify at that time as Judge Peterson invited him to do. Since Lancelin failed to file that motion, and Judge Peterson was not otherwise disqualified, Judge Peterson clearly had jurisdiction to later dismiss Lancelin's claims. If Lancelin believed that Judge Peterson should not have dismissed his claims, he should have appealed the Dismissal Order or filed a new lawsuit in California State Court (the dismissal was without prejudice). Lancelin did nothing to protect his alleged claim.

Whether the Lancelin Claim is construed as a claim for personal injury, negligence, nuisance, or trespass upon or injury to real property, the applicable statute of

---

[8] *Anderson,* 477 U.S. 242 at 248; *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000).
[9] *Tubacex, Inc. v. M/v Risan*, 45 F.3d 951, 954 (5th Cir. 1995)(citing *Celotex,* 477 U.S. at 323).

limitations has expired. Under section 335.1 of the California Code of Civil Procedure, an action for personal injury and/or general negligence in California must be brought within two years. CAL. CIV. PROC. CODE § 335.1 (the statute of limitations for "[a]n action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another" is "[w]ithin two years").

Under section 338 of the California Code of Civil Procedure, an action for trespass upon or injury to real property in California must be brought within three years. CAL. CIV. PROC. CODE § 335.1 (the statute of limitations for "[a]n action for trespass upon or injury to real property" is "[w]ithin three years"). Likewise, an action for a permanent nuisance in California must be brought within three years. *Lyles v. State of California*, 153 Cal.App.4th 281, 291 (Cal. Ct. App. 2007). "Permanent nuisances are of a type where by one act a permanent injury is done and damages are assessed once for all." *Id*. (citations omitted). By contrast, "a continuing nuisance is an ongoing or repeated disturbance, such as one caused by noise, vibration or foul odor." *Id*.

The decision in *Lyles* is directly on point. In that case, the plaintiffs sued the State of California for flood damage to their residential property allegedly caused by a faulty drainage system surrounding a nearby road. *Id*. at 284. The damage occurred following a rainstorm in 1998. *Id*. The court found that the damage was permanent in nature (i.e., it was "one-time" damage caused in 1998), even though the underlying condition that allegedly caused the flooding (i.e., the faulty drainage system) remained in existence. Accordingly, the court concluded that plaintiffs action was untimely.

Likewise, in the instant case, the Lancelin Claim is untimely because it is based upon a single event -- the Stafford slide -- that occurred twelve years ago. Moreover, Lancelin clearly knew that he had claims to assert against the Debtors given that he was a plaintiff in a lawsuit regarding the Stafford slide in the California Superior Court. Lancelin's claims were dismissed in that litigation and he failed to re-assert or prosecute those claims for over six years until the filing of the Lancelin Claim in these bankruptcy cases.

Given that the Lancelin Claim is based on damages sustained twelve years ago and a claim that was previously dismissed by a judge of the California Superior Court with jurisdiction to make the dismissal more than seven years ago, the Lancelin Claim should be disallowed as a matter of law. This Court is precluded from exercising appellate jurisdiction over the final, non-appealable Dismissal Order of the California Superior Court under the *Rooker-Feldman* doctrine. *Lance v. Dennis*, 546 U.S. 459, 463 (2006).

## CONCLUSION

For the reasons stated above, the Court finds that there are no genuine issues of material fact and the PLC Litigation Trustee is entitled to judgment as a matter of law on its Objection to Claim of Patrick Lancelin.

It is therefore ORDERED that the Motion for Summary Judgment is hereby GRANTED.

It is further ORDERED that the Objection to the Claim of Patrick Lancelin is hereby SUSTAINED and Patrick Lancelin's claim (NO. 547) is hereby DISALLOWED.

Dated: 02/20/2009

_____
RICHARD S. SCHMIDT
United States Bankruptcy Judge