# Exhibit A

to SPC Litigation Trustee's Objection to Claim Number 411 of
Bank of Nova Scotia

**Proof of Claim No. 411**

B 10 (Official Form 10) (04/07)

| UNITED STATES BANKRUPTCY COURT  Southern  DISTRICT OF  Texas - Corpus Christi Division | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor<br>Scotia Pacific Company LLC | Case Number<br>Case No 07-20032-C-11 |
|---|---|

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case  A "request" for payment of an administrative expense may be filed pursuant to 11 U S C § 503

Name of Creditor (The person or other entity to whom the debtor owes money or property)
Bank of Nova Scotia
Houston Branch
711 Louisiana Street, Suite 1400
Houston, TX 77002

8992

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check box if you have never received any notices from the bankruptcy court in this case

☐ Check box if the address differs from the address on the envelope sent to you by the court

DEBTOR  SCOTIA DEVELOPMENT, LLC
THE PROOF OF CLAIM IS D - TX
CASE NO  07-20027 THRU 07-20032

**CLAIM NO.: 411**

THIS SPACE IS FOR
COURT USE ONLY

Name and address where notices should be sent
Olivia L  Braun
The Bank of Nova Scotia
1 Liberty Plaza
New York, NY 10006
Telephone number    212-225-5063

Last four digits of account or other number by which creditor identifies debtor

Check here ☐ replaces
if this claim ☐ amends a previously filed claim, dated _____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☒ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
  Retiree benefits as defined in 11 U S C § 1114(a)
☐ Other _____

☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS # ___
  Unpaid compensation for services performed
  From _____ to _____
       (date)      (date)

**2. Date debt was incurred:**
July 20, 1998

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed
See reverse side for important explanations

Unsecured Nonpriority Claim $ _____

☐ Check this box if  a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority

Amount entitled to priority $ _____

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan - 11 U S C § 507(a)(5)

**Secured Claim**

☒ Check this box if your claim is secured by collateral (including a right of setoff)

Brief Description of Collateral
☐ Real Estate        ☒ Other  See Attached
☐ Motor Vehicle
   Value of Collateral  $ See Attached

Amount of arrearage and other charges at time case filed included in secured claim, if any  $ See Attached

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units - 11 U S C § 507(a)(8)

☐ Other – Specify applicable paragraph of 11 U S C § 507(a) (____)

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**5. Total Amount of Claim at Time Case Filed:**    $_____    7,163,471 97    _____    7,163,471 97
                                                    (unsecured)    (secured)    (priority)    (total)

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim  Attach itemized statement of all interest or additional charges

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien  DO NOT SEND ORIGINAL DOCUMENTS  If the documents are not available, explain  If the documents are voluminous, attach a summary

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

RECEIVED 2007 JUL 12 AM 11: LOGAN & COMPANY

| Date<br>July 6, 2007 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>*Olivia Braun*    OLIVIA L. BRAUN, DIRECTOR |
|---|---|

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

American LegalNet Inc
www FormsWorkflow com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Jointly Administered |
| | § | |
| SCOTIA DEVELOPMENT LLC, *et al.*, | § | Case No. 07-20027-C-11 |
| | § | |
| Debtors. | § | (Chapter 11) |

## PROOF OF SECURED CLAIM OF BANK OF NOVA SCOTIA

Name and Address of Creditor:   Bank of Nova Scotia
Houston Branch
711 Louisiana Street, Suite 1400
Houston, TX 77002
Facsimile: 212-225-5709
Attention: Ms. Jeannie Fan

1.  The undersigned, _Olivia L. Braun_ , is an authorized signatory of Bank of Nova Scotia ("Claimant"), having an address at _1 Liberty Plaza, New York, NY 10006_ , and is authorized to execute this Proof of Secured Claim on behalf of Claimant.

### THE SECURED CLAIM

2.  On January 18, 2007 (the "Petition Date"), Scotia Pacific Company, LLC ("Scopac") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3.  Prior to the Petition Date, Scopac issued secured notes in the principal amount of approximately $867.2 million (the "Notes") pursuant to that certain Indenture dated as of July 20, 1998 by and between Scopac and State Street Bank and Trust Company as trustee[1] (as amended, restated, supplemented or otherwise modified from time to time, the "Indenture").

4.  Scopac entered into that certain Credit Agreement dated as of July 20, 1998, by and among Scopac, Bank of America National Trust and Savings Association (now known as Bank of America N.A.) as agent and lender ("BofA") and the financial institutions

---

[1] Bank of New York Trust Company, N A is currently the successor trustee under the Indenture

LA3 11352242

party thereto (as amended, restated, supplemented or otherwise modified the "Credit Agreement"). The Indenture provides that, in the event Scopac files for bankruptcy, the amounts due to the lenders under the Credit Agreement shall be senior in priority of payment to the amounts owed to holders of the Notes.

5. The obligations of Scopac under the Credit Agreement are evidenced and secured by perfected senior liens and security interests in substantially all of Scopac's assets pursuant to, among other things, Uniform Commercial Code financing statements filed in the appropriate offices in applicable jurisdictions and that certain Deed of Trust, Security Agreement, Financing Statement, Fixture Filing and Assignment dated as of July 20, 1998 by Scopac in favor of Fidelity National Title Insurance Company, as trustee, for the benefit of State Street Bank and Trust Company, as beneficiary and collateral agent for the secured parties thereto (collectively with any and all other documents and filings securing the obligations under the Credit Agreement, the "Security Documents"). The assets securing Scopac's obligations under the Credit Agreement include without limitation timber, timberlands, timber rights, certain computer hardware and software, a scheduled amortization reserve account, other assets and all proceeds, products, rents and profits of the foregoing (collectively, the "Prepetition Collateral").[2]

6. Claimant is a lender under the Credit Agreement and a creditor of Scopac. As of the Petition Date, Scopac was obligated and indebted to Claimant under the Credit Agreement in the aggregate principal amount of $7,124,151.84 and in the amount of $39,320.13 for accrued and unpaid interest in respect of the aggregate principal amount plus additional fees, costs and expenses (collectively, the "Prepetition Indebtedness").

7. This Proof of Secured Claim is filed as a secured claim to the extent of the value of the Prepetition Collateral held by or for the benefit of Claimant as security thereof, and as an unsecured claim to the extent there is any deficiency in the value of the Prepetition Collateral held by or for the benefit of Claimant when compared to the amount of the Prepetition

---

[2] The foregoing does not purport to describe all of the collateral securing the obligations under the Credit Agreement and is included for illustrative purposes. Claimant reserves the right to amend this Proof of Secured Claim to supplement the foregoing description of the Prepetition Collateral.

Indebtedness. Claimant believes the value of the Prepetition Collateral is sufficient to secure the full amount of its claim.

8.  The documents supporting Claimant's claim include the Credit Agreement, Security Documents and Indenture (collectively, the "Supporting Documents"). The Supporting Documents are voluminous and therefore are not filed with this Proof of Secured Claim. True and correct copies of the Supporting Documents are in the possession of the Debtors and Claimant and may be inspected or provided upon written request.

9.  In addition, pursuant to that certain Second Final Order Authorizing the Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code approved on an interim basis on June 1, 2007 (the "Cash Collateral Order"), BofA, as agent under the Credit Agreement, has been granted for itself and on behalf of the lenders under the Credit Agreement (i) a first priority replacement lien and security interest in all the property of Scopac of the same type as the Prepetition Collateral in which Claimant does not have a lien because of the operation of Bankruptcy Code Section 552 and in the cash collateral of Scopac (the "Cash Collateral") to the extent of the postpetition diminution of Claimant's interest in the Prepetition Collateral and Cash Collateral and (ii) a superpriority administrative claim pursuant Bankruptcy Code Section 507(b) to the extent of any diminution in the value of the Prepetition Collateral. The Cash Collateral Order also provides that Scopac will pay BofA, as agent under the Credit Agreement, all interest (calculated at the non-default interest rate), fees and expenses that become due subsequent to the Petition Date under the Credit Agreement, subject to certain provisions. Further, the Cash Collateral Order provides that the Prepetition BofA Claim (as defined therein) is an allowed claim and that any liens, security interests or pledges granted by Scopac to or for the benefit of BofA, for itself and on behalf of the lenders under the Credit Agreement, pursuant to the Supporting Documents constitute valid, enforceable and perfected liens, security interests and pledges without the need for BofA to take any further action or make any filings. To the extent not covered by and paid under the Cash Collateral Order and allowed under Bankruptcy Code

LA3 1135224 2

Section 506(b), Claimant further asserts a claim for unpaid interest, costs, fees, expenses and charges arising after the Petition Date (the "Postpetition Indebtedness").

## NO WAIVER; AMENDMENTS

10. Claimant does not waive any right to any security held by or for it or any right to claim an interest in specific assets or any other rights or causes of action that Claimant has or may have against any or all of the debtors in the above captioned chapter 11 case or any other person or persons, including a right to adequate protection, and expressly reserves all such rights.

11. Claimant reserves the right to amend or supplement this Proof of Secured Claim in any respect including, without limitation, by (i) amending the amount of the Prepetition Indebtedness held by it, (ii) specifying the dollar amount of any part of the Prepetition Indebtedness that are not stated in specific amounts or (iii) asserting a claim to interest and fees, costs and charges accrued and accruing on and after the Petition Date (including without limitation, any fees, expenses, costs or charges, including legal fees and expenses, payable to Claimant).

12. Claimant reserves the right to claim that all or any part of the Prepetition Indebtedness and Postpetition Indebtedness are administrative expenses entitled to a first priority under Sections 507(a)(1) and 507(b) of the Bankruptcy Code, including, but not limited to, costs and expenses (including attorneys' fees and disbursements) incurred by Claimant and draws under letters of credit, if any.

13. The filing of this Proof of Secured Claim shall not constitute a waiver of the right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Court or Claimant's right to trial by jury in any proceeding as to any and all matters so triable, whether or not the same be designated legal or private rights, or in any case or controversy or proceeding related thereto, notwithstanding the designation of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b) or otherwise, and whether such jury trial is pursuant to statute or the United States Constitution. Claimant

LA3 1135224 2

reserves all of its defenses to any and all claims or any party. Claimant does not admit liability to any party.

## NO JUDGMENT

14. No judgment has been rendered on the claims set forth in this Proof of Secured Claim.

## CREDIT/DEDUCTION

15. The amount of all payments on these claims have been described herein for the purpose of making this Proof of Secured Claim.

## NO SETOFF OR COUNTERCLAIM

16. To the best of Claimant's knowledge, the claims set forth herein are not subject to any setoff or counterclaim.

DATED: July 6, 2007

                 Bank of Nova Scotia

                 By: _____
                         Name: Olivia L. Braun
                         Title: Authorized Signatory

## PENALTY FOR PRESENTING A FRAUDULENT CLAIM

FINE OF NOT MORE THAN $500,000.00 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH — 18 U.S.C. §§ 152 and 3571

LA3 1135224 2

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 400 South Hope Street | NEW YORK |
| BRUSSELS | Los Angeles, California 90071-2899 | SAN FRANCISCO |
| CENTURY CITY | | SHANGHAI |
| HONG KONG | TELEPHONE (213) 430-6000 | SILICON VALLEY |
| LONDON | FACSIMILE (213) 430-6407 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |

OUR FILE NUMBER
0019368-01073

July 11, 2007

WRITER'S DIRECT DIAL
(213) 430-7551

**VIA FEDERAL EXPRESS**

Logan & Company, Inc., as Agent for United States Bankruptcy Court
Attn: Scotia Claims Processing Department
Claims Docketing Center
546 Valley Road
Upper Montclair, New Jersey 07043

WRITER'S E-MAIL ADDRESS
aacevedo@omm.com

Re: *Proof of claim against Scotia Pacific Company, LLC filed by Bank of Nova Scotia*

To Whom it May Concern:

Please find enclosed a proof of claim form and a related attachment describing the claim of Bank of Nova Scotia against Scotia Pacific Company LLC. Also enclosed is an addressed stamped envelope. Please provide an acknowledgment of receipt.

Sincerely,

Ana Acevedo

LA3 1135609 1