**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **PLC LITIGATION TRUST/** | § | Case No.: 07-20027-C-11 |
| **SPC LITIGATION TRUST,** | § | Jointly Administered |
| | § | |
| Debtors. | § | (Confirmed Chapter 11) |

**SPC LITIGATION TRUSTEE'S MOTION TO DISALLOW CLAIMS,**
**CORRECT CLAIMS REGISTER AND DEEM SCHEDULES AMENDED**
**(INTERCOMPANY CLAIMS NO. 31729 & 31728)**

THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE.  YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE.  IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 20 DAYS AFTER THE OBJECTION WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID.  IF YOU DO NOT FILE A RESPONSE WITHIN 20 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED.

A HEARING HAS BEEN SET ON THIS MATTER ON NOVEMBER 30, 2009 AT 2:00 p.m. IN CORPUS, CHRISTI, TEXAS.

Avidity Partners LLC, as SPC Litigation Trustee (the "**SPC Litigation Trustee**") appointed under the MRC/Marathon Plan and SPC Litigation Trust Agreement ("**SPC**") files this Motion to Disallow Claims, Correct Claims Register and Deem Schedules Amended (Intercompany Claims) (the "**Motion**") and respectfully states as follows.

**JURISDICTION**

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(B)(2)(A), (B) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

A.  **The Plan and the SPC Litigation Trustee**

2.  On January 18, 2007 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases were procedurally consolidated for administrative purposes and are jointly administered under Case No. 07-20027.

3.  By order dated July 8, 2008, this Court confirmed the First Amended Joint Plan of Reorganization for the Debtors, as Further Modified, With Technical Corrections, Proposed by Mendocino Redwood Company, LLC, Marathon Structured Finance Fund L.P., and the Official Committee of Unsecured Creditors (the "**MRC/Marathon Plan**"). The effective date of the MRC/Marathon Plan was July 30, 2008.

4.  The MRC/Marathon Plan established a litigation trust for Scotia Pacific Company LLC (the "**SPC Litigation Trust**"). Avidity Partners, LLC was appointed as SPC Litigation Trustee pursuant to Section 8.6.2 of the MRC/Marathon Plan. *See* Confirmation Order, ¶ 11, p. 16. Pursuant to the MRC/Marathon Plan, The SPC Litigation Trustee has the right to object to Class 8 and Class 9 claims.

5.  By order dated July 20, 2009, the deadline for the SPC Litigation Trustee to object to claims was extended until November 22, 2009 [Dkt. No. 4254].

B.  **Inter-Debtor Claims**

6.  Scopac's Schedule F. Creditors Holding Unsecured Nonpriority Claims lists the following inter-company claims:

| CREDITOR NAME | TYPE OF CLAIM | AMOUNT OF CLAIM |
|---|---|---|
| MAXXAM, Inc. | Intercompany Claim | $296,407.27[1] |
| Scotia Development Corporation LLC | Intercompany Claim | $140,534.00 |
| The Pacific Lumber Company | Intercompany Claim | $1,027,641.24 |

(collectively, the "Subject Claims").

7. Section 4.10 of the MRC/Marathon Plan describes the treatment of Class 10 Inter-Debtor Claims. Section 4.10.2 states, "Inter-Debtor Claims shall be discharged and the Holders of Class 10 Inter-Debtor Claims are entitled to no Distributions under this Plan." MRC/Marathon Plan, p. 9. Scotia Development Corporation, LLC and The Pacific Lumber Company are Debtors and holders of Class 10 Inter-Debtor Claims.

8. Likewise, Section 4.11 of the MRC/Marathon Plan describes the treatment of Class 11 Non-Debtor Affiliate Claims. Section 4.11.2 states, in relevant part, "Non-Debtor Affiliate Claims shall be discharged and the Holders of Class 11 Inter-Debtor Claims are entitled to no Distributions under this Plan." MRC/Marathon Plan, p. 9. MAXXAM, Inc. is a Non-Debtor Affiliate and is a holder of a Class 11 Non-Debtor Affiliate Claim.

C. **Objection to Claim**

9. The Subject Claims are still listed on the Schedules in the full amounts. Because the Subject Claims have already been disallowed under the MRC/Marathon Plan, they are not entitled to any distributions from the SPC Litigation Trust. By this Motion and pursuant to section 105 of the Bankruptcy Code and Rule 1009(a) of the Federal Rules of Bankruptcy

---

[1] The SPC Litigation Trustee separately objected to claim number 441 because the MRC/Marathon Plan disallowed MAXXAM entities' claims.

70568199.3 - 3 -

Procedure the SPC Litigation Trustee seeks an order clarifying that the Subject Claims were disallowed by the Plan.

**D.     Basis for Relief**

10.     Bankruptcy Rule 1009(a) provides that the Court may order any schedule to be amended upon the motion f any party in interest. FED. R. BANKR. P. 1009(a). Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Pursuant to section 105(a) of the Bankruptcy Code, the Court has expansive equitable powers to fashion any order or decree that is in the best interests of the Debtors' estates and creditors. *See Chinichian v. Campolongo* (*In re Chinichian*, 785 F.2d 1440, 1443 (9th Cir. 1986) (finding that Bankruptcy Code section 105 allows the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code); *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) (same); see also *Bird v. Crown Convenience (In re NWFX, Inc.*, 864 F.2d 588, 590 (8th Cir. 1988); *In re Cooper Props Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986).

11.     The SPC Litigation Trustee reserves all rights to amend this Motion and assert additional objections against the Subject Claims on any other bases.

WHEREFORE, PREMISES CONSIDERED, the SPC Litigation Trustee respectfully requests that this Court (i) enter an order clarifying that the Subject Claims have been discharged pursuant to the MRC/Marathon Plan and shall receive no distributions from the SPC Litigation Trust, correcting the claims register and deeming the Schedules amended with respect to the Subject Claims and (ii) grant such other and further relief as this Court deems appropriate.

Dated: October 30, 2009

Respectfully submitted,

**FULBRIGHT & JAWORSKI LLP**

Johnathan C. Bolton
State Bar No. 24025260
1301 McKinney, Suite 4100
Houston, Texas 77010-3095
Telephone: (713) 651-5113
Facsimile: (713) 651-5246

And

**/s/ Patricia Reed Constant**
Patricia Reed Constant
Attorney & Mediator
One Shoreline Plaza
800 N. Shoreline Blvd., Suite 320 S
Corpus Christi, TX. 78401-3733
TEL: (361) 887-1044
FAX: (361) 887-1043

**COUNSEL TO THE
SPC LITIGATION TRUSTEE**