# Exhibit A

to SPC Litigation Trustee's Objection to Claim Number 243 of
KeyBank National Association

**Proof of Claim No. 243**

DEBTOR SCOTIA DEVELOPMENT, LLC
FILED USBCSD - TX
CASE NO 07-20027 THRU 07-20032

**CLAIM NO.: 243**

B 10 (Official Form 10) (04/07)

| UNITED STATES BANKRUPTCY COURT SOUTHERN   DISTRICT OF TEXAS | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>SCOTIA PACIFIC COMPANY LLC | Case Number<br>07-20032-C-11 | |
|---|---|---|

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case A "request" for payment of an administrative expense may be filed pursuant to 11 U S C § 503

| Name of Creditor (The person or other entity to whom the debtor owes money or property)<br>KEYBANK NATIONAL ASSOCIATION | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars | |
|---|---|---|
| Name and address where notices should be sent<br>Mark R Kleinhaut, SVP<br>127 Public Square, Fifth Floor            *2956*<br>Cleveland, Ohio 44114-1306<br>Telephone number  (216) 689-5554 | ☐ Check box if you have never received any notices from the bankruptcy court in this case<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court | THIS SPACE IS FOR COURT USE ONLY |
| Last four digits of account or other number by which creditor identifies debtor         8933 | Check here   ☐ replaces<br>if this claim  ☐ amends     a previously filed claim, dated _____ | |

**1 Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☑ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Retiree benefits as defined in 11 U S C § 1114(a)
- ☐ Other _____
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS # _____
  Unpaid compensation for services performed
  From _____ to _____
       (date)          (date)

**2. Date debt was incurred**  7-20-93

**3. If court judgment, date obtained**  None

**4 Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed
See reverse side for important explanations

**Unsecured Nonpriority Claim** $ _____

☐ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority

Amount entitled to priority $ _____

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U S C § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U S C § 507(a)(5)

**Secured Claim**

☑ Check this box if your claim is secured by collateral (including a right of setoff)

Brief Description of Collateral
☑ Real Estate         ☐ Other  See attachment
☐ Motor Vehicle

Value of Collateral  $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any  $ _____

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units - 11 U S C § 507(a)(8)

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**5. Total Amount of Claim at Time Case Filed.**  $ _____  7,163,471 97  _____  7,163,471 97
                                                   (unsecured)   (secured)        (priority)   (total)

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

**6  Credits·** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

**7  Supporting Documents**  Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien  DO NOT SEND ORIGINAL DOCUMENTS  If the documents are not available, explain  If the documents are voluminous, attach a summary

**8  Date-Stamped Copy**   To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date<br>07/5/2007 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>_[signature]_                 Mark R  Kleinhaut, SVP |
|---|---|

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

RECEIVED 2007 JUL -9 PM 4: 45  LOGAN & CO INC.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| SCOTIA DEVELOPMENT LLC, et al., ) | Case No. 07-20027-C-11 |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |

**ATTACHMENT TO PROOF OF SECURED
CLAIM OF KEYBANK NATIONAL ASSOCIATION**

Name and Address of Creditor: **KEYBANK NATIONAL ASSOCIATION**
127 Public Square
Fifth Floor
Cleveland, Ohio  44114-1306
Facsimile:  (216) 689-8468
Attention: Mark R. Kleinhaut, SVP

1. The undersigned, Mark R. Kleinhaut, is an authorized signatory of KeyBank National Association ("*Claimant*"), having an address at 127 Public Square, Fifth Floor, Cleveland, Ohio  44114-1306, and is authorized to execute this Attachment to Proof of Secured Claim on behalf of Claimant.

### The Secured Claim

2. On January 18, 2007 (the "*Petition Date*"), Scotia Pacific Company, LLC ("*Scopac*") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

3. Prior to the Petition Date, Scopac issued secured notes in the principal amount of approximately $867.2 million (the "*Notes*") pursuant to that certain Indenture dated as of July 20, 1998 by and between Scopac and State Street Bank and Trust Company as trustee[1] (as amended, restated, supplemented or otherwise modified from time to time, the "*Indenture*").

4. Scopac entered into that certain Credit Agreement dated as of July 20, 1998, by and among Scopac, Bank of America National Trust and Savings

---

[1] Bank of New York Trust Company, N.A. is currently the successor trustee under the Indenture

Association (now known as Bank of America N.A.) as agent and lender ("*BofA*") and the financial institutions party thereto (as amended, restated, supplemented, or otherwise modified, the "*Credit Agreement*"). The Indenture provides that, in the event Scopac files for bankruptcy, the amounts due to the lenders under the Credit Agreement shall be senior in priority of payment to the amounts owed to holders of the Notes.

5.  The obligations of Scopac under the Credit Agreement are evidenced and secured by perfected senior liens and security interests in substantially all of Scopac's assets pursuant to, among other things, Uniform Commercial Code financing statements filed in the appropriate offices in applicable jurisdictions and that certain Deed of Trust, Security Agreement, Financing Statement, Fixture Filing and Assignment dated as of July 20, 1998 by Scopac in favor of Fidelity National Title Insurance Company, as trustee, for the benefit of State Street Bank and Trust Company, as beneficiary and collateral agent for the secured parties thereto (collectively, with any and all other documents and filings securing the obligations under the Credit Agreement, the "*Security Documents*"). The assets securing Scopac's obligations under the Credit Agreement include, without limitation, timber, timberlands, timber rights, certain computer hardware and software, a scheduled amortization reserve account, other assets, and all proceeds, products, rents, and profits of the foregoing (collectively, the "*Prepetition Collateral*").[2]

6.  Claimant is a lender under the Credit Agreement and a creditor of Scopac. As of the Petition Date, Scopac was obligated and indebted to Claimant under the Credit Agreement in the aggregate principal amount of $7,124,151.84 and in the amount of $39,320 13 for accrued and unpaid interest in respect of the aggregate principal amount, plus additional fees, costs, and expenses (collectively, the "*Prepetition Indebtedness*")

---

[2] The foregoing does not purport to describe all of the collateral securing the obligations under the Credit Agreement and is included for illustrative purposes  Claimant reserves the right to amend this Attachment to Proof of Secured Claim to supplement the foregoing description of the Prepetition Collateral

{00216479 DOC v1}                                            -2-

7.  Claimant's Proof of Secured Claim is filed as a secured claim to the extent of the value of the Prepetition Collateral held by or for the benefit of Claimant as security thereof, and as an unsecured claim to the extent there is any deficiency in the value of the Prepetition Collateral held by or for the benefit of Claimant when compared to the amount of the Prepetition Indebtedness. Claimant believes the value of the Prepetition Collateral is sufficient to secure the full amount of its claim

8.  The documents supporting Claimant's claim include the Credit Agreement, the Security Documents, and the Indenture (collectively, the "*Supporting Documents*"). The Supporting Documents are voluminous and therefore are not filed with this Proof of Secured Claim. True and correct copies of the Supporting Documents are in the possession of the Debtors and Claimant and may be inspected or provided upon written request.

9.  In addition, pursuant to that certain Second Final Order Authorizing the Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code approved on an interim basis on June 1, 2007 (the "*Cash Collateral Order*"), BofA, as agent under the Credit Agreement, has been granted for itself and on behalf of the lenders under the Credit Agreement (i) a first priority replacement lien and security interest in all the property of Scopac of the same type as the Prepetition Collateral in which Claimant does not have a lien because of the operation of Bankruptcy Code section 552 and in the cash collateral of Scopac (the "*Cash Collateral*") to the extent of the post-petition diminution of Claimant's interest in the Prepetition Collateral and the Cash Collateral and (ii) a superpriority administrative expense claim pursuant Bankruptcy Code section 507(b) to the extent of any diminution in the value of the Prepetition Collateral. The Cash Collateral Order also provides that Scopac will pay BofA, as agent under the Credit Agreement, all interest (calculated at the non-default interest rate), fees, and expenses that become due subsequent to the Petition Date under the Credit Agreement, subject to certain provisions. Further, the Cash Collateral Order provides that the "Prepetition

BofA Claim" (as defined therein) is an allowed claim and that any liens, security interests, or pledges granted by Scopac to or for the benefit of BofA, for itself and on behalf of the lenders under the Credit Agreement, pursuant to the Supporting Documents constitute valid, enforceable, and perfected liens, security interests, and pledges without the need for BofA to take any further action or make any filings. To the extent not covered by and paid under the Cash Collateral Order and allowed under Bankruptcy Code section 506(b), Claimant further asserts a claim for unpaid interest, costs, fees, expenses, and charges arising after the Petition Date (the "*Post-Petition Indebtedness*")

### No Waiver; Amendments

10.    Claimant does not waive any right to any security held by or for it or any right to claim an interest in specific assets or any other rights or causes of action that Claimant has or may have against any or all of the debtors in the above captioned chapter 11 case or any other person or persons, including a right to adequate protection, and expressly reserves all such rights.

11.    Claimant reserves the right to amend or supplement its Proof of Secured Claim in any respect including, without limitation, by (i) amending the amount of the Prepetition Indebtedness held by it, (ii) specifying the dollar amount of any part of the Prepetition Indebtedness that are not stated in specific amounts or (iii) asserting a claim to interest and fees, costs, and charges accrued and accruing on and after the Petition Date (including, without limitation, any fees, expenses, costs, or charges, including legal fees and expenses, payable to Claimant)

12.    Claimant reserves the right to claim that all or any part of the Prepetition Indebtedness and Post-Petition Indebtedness are administrative expenses entitled to a first priority under sections 507(a)(1) and 507(b) of the Bankruptcy Code, including, but not limited to, costs and expenses (including attorneys' fees and disbursements) incurred by Claimant and draws under letters of credit, if any

13. The filing of this Proof of Secured Claim shall not constitute a waiver of the right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Court or Claimant's right to trial by jury in any proceeding as to any and all matters so triable, whether or not the same be designated legal or private rights, or in any case or controversy or proceeding related thereto, notwithstanding the designation of such matters as "core proceedings" pursuant to 28 U.S C. § 157(b) or otherwise, and whether such jury trial is pursuant to statute or the United States Constitution. Claimant reserves all of its defenses to any and all claims or any party. Claimant does not admit liability to any party

### No Judgment

14. No judgment has been rendered on the claims set forth in this Proof of Secured Claim.

### Credit / Deduction

15. The amount of all payments on these claims have been described herein for the purpose of making this Proof of Secured Claim.

### No Setoff of Counterclaim

16. To the best of Claimant's knowledge, the claims set forth herein are not subject to any setoff or counterclaim.

Dated: July 5, 2007

KEYBANK NATIONAL ASSOCIATION

By: _____
Mark R. Kleinhaut,
Authorized Signatory

### PENALTY FOR PRESENTING A FRAUDULENT CLAIM

FINE OF NOT MORE THAN $500,000.00 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH — 18 U.S.C. §§ 152 and 3571



Michael A. Axel
Senior Vice President
 & Managing Counsel
Tel (216) 689-4959
Fax (216) 689-5681
michael_axel@keybank com

KeyBank National Association
127 Public Square
Second Floor
Cleveland, Ohio 44114-1306

July 6, 2007

*Via Overnight Mail*

Logan & Company, Inc.,
   as Agent for the United States Bankruptcy Court
Attn: Scotia Claims Processing Department
546 Valley Road
Upper Montclair, New Jersey 07043

      Re    *Scotia Pacific Company LLC*, Case No 07-20032-C-11, *United States Bankruptcy Court, Southern District of Texas*

Dear Sir or Madam·

    Enclosed for filing in this case is the Proof of Claim of KeyBank National Association. Please return the enclosed copy to me, time-stamped, in the enclosed, self-addressed overnight mail envelope.

Very truly yours,

*Michael A. Axel*

Michael A. Axel,
Senior Vice President
& Managing Counsel

cc    Mark R. Kleinhaut (w/encl.)

{00216521 DOC v1}

KeyCorp Confidential