**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **PLC LITIGATION TRUST/** | § | **Case No.: 07-20027-C-11** |
| **SPC LITIGATION TRUST,** | § | **Jointly Administered** |
| | § | |
| **Debtors.** | § | **(Confirmed Chapter 11)** |

**SPC LITIGATION TRUSTEE'S OBJECTION TO CLAIM NUMBERS 439, 441 AND 444 OF THE MAXXAM ENTITIES**

THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 20 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 20 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED.

A HEARING HAS BEEN SET ON THIS MATTER ON NOVEMBER 30, 2009 AT 2:00 P.M. IN CORPUS, CHRISTI, TEXAS.

Avidity Partners LLC, as SPC Litigation Trustee (the "SPC Litigation Trustee") appointed under the MRC/Marathon Plan and SPC Litigation Trust Agreement ("SPC") files this Objection ("Objection") To Claim Numbers 439, 441 and 444 of MAXXAM Group, Inc., MAXXAM, Inc. and MAXXAM Group Holdings, Inc. (collectively, the "MAXXAM Entities") and respectfully states as follows.

## JURISDICTION

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(B)(2)(A), (B) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

### A. The Plan and the SPC Litigation Trustee

2. On January 18, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases were procedurally consolidated for administrative purposes and are jointly administered under Case No. 07-20027.

3. By order dated July 8, 2008, this Court confirmed the First Amended Joint Plan of Reorganization for the Debtors, as Further Modified, With Technical Corrections, Proposed by Mendocino Redwood Company, LLC, Marathon Structured Finance Fund L.P., and the Official Committee of Unsecured Creditors (the "MRC/Marathon Plan"). The effective date of the MRC/Marathon Plan was July 30, 2008.

4. Pursuant to the MRC/Marathon Plan, The SPC Litigation Trustee has the right to object to Class 8 and Class 9 claims.

5. By order dated July 20, 2009, the deadline for the SPC Litigation Trustee to object to claims was extended until November 22, 2009 [Dkt. No. 4254].

**B. The MAXXAM Entities Claims**

**6.** MAXXAM Group, Inc. filed Claim No. 439 dated July 13, 2007 (*See* **Exhibit A** hereto) against Scotia Pacific Company, LLC asserting contingent claims against Scopac for "contribution, indemnity, and/or reimbursement for any liability that may be imposed on, and professional fees and costs incurred by, MAXXAM Inc. in connection with the lawsuits listed below:

*Johnson et al. v. Hurwitz et al*, No. DR040720, filed in the Humboldt County Superior Court on October 13, 2005;

*Cave et al v. Clark et al*, No. DR020718, filed in the Humboldt County Superior Court on November 20, 2002; and

*Cook et al v. Clark et al*, No. DR020719, filed in the Humboldt County Superior Court on November 20, 2002.

7. MAXXAM, Inc. filed Claim No. 441 dated July 12, 2007 (*See* **Exhibit B** hereto) against Scotia Pacific Company, LLC asserting contingent claims against Scopac for "contribution, indemnity, and/or reimbursement for any liability that may be imposed on, and professional fees and costs incurred by, MAXXAM Inc. in connection with the lawsuits listed below:

*California ex rel. Wilson v. MAXXAM Inc., et al.*, Case No. CGC-06-458528, filed in the Superior Court of the State of California, City and County of San Francisco;

*US ex rel Wilson v. MAXXAM, Inc.*, Case No. 06-CV-7497-CW filed int eh United States District Court for the Northern District of California;

*Johnson et al. v. Hurwitz et al*, No. DR040720, filed in the Humboldt County Superior Court on October 13, 2005;

*Cave et al v. Clark et al*, No. DR020718, filed in the Humboldt County Superior Court on November 20, 2002; and

> *Cave et al v. Clark et al*, No. DR020719, filed in the Humboldt County Superior Court on November 20, 2002.

8. MAXXAM Group Holdings, Inc. filed Claim No. 444 dated July 13, 2007 (*See* **Exhibit C** hereto) against Scotia Pacific Company, LLC asserting contingent claims against Scopac for "contribution, indemnity, and/or reimbursement for any liability that may be imposed on, and professional fees and costs" incurred by, MAXXAM Inc. in connection with the lawsuits listed below:

> *Johnson et al. v. Hurwitz et al*, No. DR040720, filed in the Humboldt County Superior Court on October 13, 2005;
>
> *Cave et al v. Clark et al*, No. DR020718, filed in the Humboldt County Superior Court on November 20, 2002; and
>
> *Cook et al v. Clark et al*, No. DR020719, filed in the Humboldt County Superior Court on November 20, 2002.

**C. Objections to Claims**

9. The SPC Litigation Trustee objects to the MAXXAM Entities' claims on the grounds that the MRC/Marathon Plan provides that all claims of the MAXXAM Entities are subordinated and are not entitled to any distributions under the MRC/Marathon Plan. Specifically, Section 4.11.2 of the MRC/Marathon Plan states:

> Treatment . Non-Debtor Affiliate Claims shall be discharged and the Holders of Non- Debtor Affiliate Claims are entitled to no Distributions under this Plan. Pursuant to section 510(a) of the Bankruptcy Code and various loan documents entered into with Marathon, including, without limitation, the Subordinated Intercompany Note dated July 18, 2006, any Claims of Maxxam Group Inc. and its affiliates, Maxxam Inc. and Maxxam Group Holdings Inc., shall be subordinated and shall not be entitled to any Distributions under this Plan.

(MRC/Marathon Plan, § 4.11.2)(emphasis added).

10. The term "Non Debtor Affiliate" is defined in section 106 of Plan Appendix A,

the Uniform Glossary of Defined Terms for Plan Documents, to mean "any Entity that is an affiliate of any of the Debtors (other than another Debtor), within the meaning of section 101(2) of the Bankruptcy Code, including but not limited to [MAXXAM Group Inc.], MAXXAM Group Holdings Inc. and MAXXAM Inc." Joint Disclosure Statement, Appendix A. (emphasis added).

11. The MAXXAM Entities' claims against the Scopac are barred by the express terms of the MRC/Marathon Plan.[1]

12. The SPC Litigation Trustee reserves all rights to amend this Objection and assert additional objections against the claims of the MAXXAM Entities on any other bases.

WHEREFORE, PREMISES CONSIDERED, the SPC Litigation Trustee respectfully requests that this Court deny Claim Numbers 439, 440 and 441 in their entirety and grant such other and further relief as this Court deems appropriate.

WHEREFORE, SPC requests that this Court enter an Order granting the relief requested herein, and such other and further relief as the Court deems just and appropriate.

---

[1] Further, the MAXXAM Entities expressly supported confirmation of the MRC/Marathon Plan. The Term Sheet Regarding Global Settlement and Plan Support [Dkt. No. 2836] provides that the MAXXAM Entities will "express support for and use best efforts to defend the MRC/Marathon Plan." (Term Sheet, p. 2 of 11). The Court entered an Order Granting the Global Settlement Motion Pursuant to Fed. R. Bankr. P. 9019 on July 10, 2008 [Dkt. No. 3355].

Dated: October 31, 2009

Respectfully submitted,

**FULBRIGHT & JAWORSKI LLP**

Johnathan C. Bolton
State Bar No. 24025260
1301 McKinney, Suite 4100
Houston, Texas 77010-3095
Telephone: (713) 651-5113
Facsimile: (713) 651-5246

And

**/s/ Patricia Reed Constant**
Patricia Reed Constant
Attorney & Mediator
One Shoreline Plaza
800 N. Shoreline Blvd., Suite 320 S
Corpus Christi, TX. 78401-3733
TEL: (361) 887-1044
FAX: (361) 887-1043
**COUNSEL TO THE**
**SPC LITIGATION TRUSTEE**