## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **PLC LITIGATION TRUST/** | § | **Case No.:  07-20027-C-11** |
| **SPC LITIGATION TRUST,** | § | **Jointly Administered** |
| | § | |
| Debtors. | § | **(Confirmed Chapter 11)** |

### SPC LITIGATION TRUSTEE'S OBJECTION TO
### METROPOLITAN LIFE INSURANCE COMPANY CLAIM [CLAIM NO. 31708]

THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE.  YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE.  IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 20 DAYS AFTER THE OBJECTION WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID.  IF YOU DO NOT FILE A RESPONSE WITHIN 20 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED.

A HEARING HAS BEEN SET ON THIS MATTER ON NOVEMBER 30, 2009 AT 2:00 P.M. IN CORPUS, CHRISTI, TEXAS.

Avidity Partners LLC, as SPC Litigation Trustee (the "**SPC  Litigation  Trustee**") appointed under the MRC/Marathon Plan and SPC Litigation Trust Agreement ("**SPC**") files this Objection to Metropolitan Life Insurance Company Claim (the "**Objection**") and respectfully states as follows.

### JURISDICTION

1.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(B)(2)(A), (B) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

70568216.3

## PROCEDURAL BACKGROUND

**A.      The Plan and the SPC Litigation Trustee**

2.      On January 18, 2007 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases were procedurally consolidated for administrative purposes and are jointly administered under Case No. 07-20027.

3.      By order dated July 8, 2008, this Court confirmed the First Amended Joint Plan of Reorganization for the Debtors, as Further Modified, With Technical Corrections, Proposed by Mendocino Redwood Company, LLC, Marathon Structured Finance Fund L.P., and the Official Committee of Unsecured Creditors (the "**MRC/Marathon Plan**"). The effective date of the MRC/Marathon Plan was July 30, 2008.

4.      The MRC/Marathon Plan established a litigation trust for Scotia Pacific Company LLC (the "**SPC Litigation Trust**").  Avidity Partners, LLC was appointed as SPC Litigation Trustee pursuant to Section 8.6.2 of the MRC/Marathon Plan.  *See* Confirmation Order, ¶ 11, p. 16.  Pursuant to the MRC/Marathon Plan, The SPC Litigation Trustee has the right to object to Class 8 and Class 9 claims.

5.      By order dated July 20, 2009, the deadline for the SPC Litigation Trustee to object to claims was extended until November 22, 2009 [Dkt. No. 4254].

6.      On September 29, 2009, the Fifth Circuit Court of Appeals found in its opinion on the MRC/Marathon Plan, affirming in part and reversing in part, that "Class 8 proposed to pay unsecured claims against Scopac by former employees and trade vendors not previously deemed "critical,". . . Class 9 was tailored to pay Scopac's remaining general unsecured claims,

consisting of the Noteholders' deficiency claim for over $200 million with a recovery estimated as "unknown." [Case no. 08-40746].

> **B.      Metropolitan Life Insurance Company Claim**

7.      Scopac's Schedule F, Creditors Holding Unsecured Nonpriority Claims, lists Metropolitan Life Insurance Company with an insurance claim of $2,235.67 (the "Subject Claim") against Scotia Pacific Company. The Subject Claim appears to relate to the former employees of Scopac and is therefore not a Class 9 Claim.

8.      The SPC Litigation Trustee has no records to verify the validity of the Subject Claim.

> **C.      Objection to Claim**

9.      The SPC Litigation Trustee seeks an order clarifying that the MetLife scheduled insurance claim is not a class 9 claim. Since the Subject Claim is not a class 9 claim, it is not entitled to any distributions from the SPC Litigation Trust.

10.      The SPC Litigation Trustee reserves all rights to amend this Objection and assert additional objections against the Subject Claim on any other bases.

WHEREFORE, PREMISES CONSIDERED, the SPC Litigation Trustee respectfully requests that this Court (i) enter an order clarifying that the Subject Claim is a class 8 "Scopac trade claim" and not class 9 "Scopac general unsecured claims" as defined in the MRC/Marathon Plan and (ii) grant such other and further relief as this Court deems appropriate.

Dated:  October 30, 2009

Respectfully submitted,

By: /s/  Patricia Reed Constant
Patricia Reed Constant
Attorney & Mediator
One Shoreline Plaza
800 N. Shoreline Blvd., Suite 320 S
Corpus Christi, TX.  78401-3733
TEL:  (361) 887-1044
FAX:  (361) 887-1043

**COUNSEL TO THE
SPC LITIGATION TRUSTEE**

70568216.3